WILLIAM W. HARTMAN, ETC., peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. MANUEL A. MOREDA, JUEZ, demandado; ALBERTO CULVER CO. ET AL., interventores.

*Número:* O-69-31      *Resuelto:* 12 de diciembre de 1969

*Ramírez, Segal & Latimer,* abogados del peticionario; *Rieckehoff, Calderón, Vargas & Arroyo,* abogados de los interventores.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

Con motivo de este recurso, debemos determinar el efecto y el alcance de las Reglas 30, 34.2(b) y 34.4 de las de Procedimiento Civil con respecto a las contestaciones de interrogatorios y las sanciones por no contestarlos.

Los peticionarios radicaron una acción en 9 de agosto de 1967, alegando que el uso por la peticionaria del producto de las interventoras conocido como Alberto VO 5 con un ingrediente llamado "Miral" le produjo serios daños. Fue contestada en 22 de septiembre de 1967 negándose (1) que la interventora Alberto Culver (P.R.) Inc. manufacturase o dis-

tribuyese dicho producto, así como que las interventoras ocasionaren los daños alegados; (2) la negligencia imputada a las interventoras y, alegando en contrario, que los daños, de haber ocurrido, se debieron a una condición propia de la peticionaria y no a defecto alguno del producto.

En 6 de octubre de 1967 notificaron los peticionarios un interrogatorio a las aquí interventoras. En 15 de febrero de 1968 aquéllos solicitaron del tribunal que requiriese a las interventoras que contestasen dichos interrogatorios. Así se hizo en 26 de febrero de 1968 bajo apercibimiento que se tomarían las sanciones de ley. En 17 de abril de 1968 solicitaron los peticionarios del tribunal de instancia que, como la vista del caso estaba señalada para el 13 de mayo de 1968 y la parte necesitaba que no se suspendiera, el tribunal dictara orden eliminando aquellas alegaciones de la contestación que impidiera a las interventoras negar su responsabilidad y negar alegaciones de la demanda y se limitara la controversia a la cuantía de los daños.

En 26 de abril de 1968 radicaron las interventoras su contestación de dichos interrogatorios. En 1ro. de mayo de 1968 alegaron los peticionarios que las interventoras no contestaron las preguntas 5a, 5b, 5c, 12, 13, 14 y 15, y contestaron en forma incompleta las preguntas 17, 18 y 19. Éstas y las contestaciones son las siguientes:

"5. Describa en detalle la relación, si alguna, que existe entre una y otra codemandada, mencionando:

(a) Si el control efectivo de cada corporación está en manos de una misma persona o grupo de personas;

[Contestación]—Alberto Culver (P.R.) Inc. es una subsidiaria de Alberto Culver Company.

(b) Si los directores o algunos de ellos son los mismos en ambas corporaciones;

(c) Si hay alguna sola persona o corporación que posea acciones de ambas corporaciones y qué por ciento de dichas acciones posee cada una de dichas personas o corporación en cada una de las corporaciones demandadas.

(d) La relación comercial, si alguna, existente entre ambas corporaciones."

Los incisos (b), (c) y (d) no se contestaron específicamente.

"(12) Diga cuál es la composición química de . . . 'Miral'.

[Contestación]—Objetada por ser fórmula secreta y confidencial.

(13) Diga si ha recibido cualesquiera de las codemandadas quejas de cualquier persona en cualquier lugar de Puerto Rico o de Estados Unidos o en cualquier otro país, alegando que ha recibido cualquier tipo de daño por razón de haber usado el producto 'Alberto VO 5 Hair Spray' con o sin 'Miral' o cualquier producto similar que en cualquier fecha haya producido, vendido o distribuido cualesquiera de las dos codemandadas.

[Contestación]—Objetada por ser impertinente.

(14) Relacione uno por uno todos los ingredientes de que está compuesto el producto 'Alberto VO 5 Hair Spray' con 'Miral' relacionando asimismo la composición química de cada uno de dichos ingredientes y la proporción de cada uno.

[Contestación]—Ver contestación # 12.

(15) Relacione todas las acciones en concepto de daños y perjuicios que se hayan radicado contra cualesquiera de las dos codemandadas desde que cualesquiera de las dos codemandadas haya estado produciendo, o vendiendo, o distribuyendo, o en cualquier forma relacionada con el producto 'Alberto VO 5 Hair Spray' con o sin 'Miral' o con cualquier otro producto similar para el pelo por razón de haber causado cualesquiera de dichos productos manufacturados, vendidos o distribuidos por cualesquiera de las codemandadas alegados daños físicos al reclamante. Incluya en dicha relación el Estado o país en que se radicó dicho caso, el tribunal donde se radicó, el nombre del abogado de la parte demandante, el número del caso y el resultado final del mismo.

[Contestación]—Objetada por ser irrelevante.

En 6 de mayo de 1968 el tribunal de instancia suspendió la vista del caso señalada para el 13 de dicho mes y año. En 10 de septiembre de 1968 volvieron los peticionarios a solicitar del tribunal que ordenase a las interventoras a contestar

adecuadamente las preguntas 5a, 5b, 5c, 5d, 12, 13, 14 y 15, dentro de un término perentorio de 10 días. Después de varias posposiciones de este término, contestaron las interventoras que:

"La pregunta número 5 en sus subdivisiones a, b, c, d, se refiere a las relaciones entre las codemandadas Alberto Culver Company y Alberto Culver, Puerto Rico, Inc. Ambas codemandadas han comparecido en autos y están ante el tribunal. Por ende, resulta sin importancia quién tiene el control efectivo de cada corporación, quiénes son sus directores y sus accionistas y cuál es la relación que existe entre ellas, toda vez que dicha información sólo podría tener el efecto de descorrer el velo corporativo y en este caso no hay controversia, según surge de las alegaciones, de que Alberto Culver Company produce el producto Alberto VO 5 Hair Spray y que el mismo es vendido en Puerto Rico por Alberto Culver Puerto Rico, Inc. Véase contestaciones 6, 8 y 9.

En cuanto a las preguntas números 12, 13, 14 y 15 es obvio que las mismas exigirían el que se revele materia confidencial por ser secreta la fórmula bajo la cual se fabrica el producto mencionado, y obligar a las demandadas a revelar la información solicitada resultaría detrimental en sus relaciones de competencia con otras productoras de productos similares.

Por otra parte, si la demandante tiene interés en conocer la composición química del producto, le bastaría con someter el mismo a un químico de su selección. Sería opresivo el permitir a la parte demandante obtener la opinión pericial de un experto a ser pagado por la parte demandada. Véase *Fredericks* v. *American Export Lines, Inc.*, 19 F.R.S. 34.411, caso 5."

En 16 de diciembre de 1968, el tribunal de instancia ordenó a las interventoras a contestar las preguntas 5, 13 y 15 y que informara los ingredientes de "Miral" y de "Alberto VO 5 Hair Spray." En 15 de enero de 1969 volvieron los peticionarios a solicitar sanciones contra las interventoras por no haber contestado dichos interrogatorios y que se declarara sin lugar una segunda moción de prórroga para contestarlos. En

21 de enero de 1969 las interventoras contestaron que Alberto Culver Company es dueña de Alberto Culver (P.R.), Inc. El control de la primera corresponde a numerosos accionistas. Enumeraron los ingredientes de "Alberto VO 5 Hair Spray" e informaron que informarían los de "Miral" tan pronto se obtuvieran; que en relación con el producto "Alberto VO 5 Hair Spray" con "Miral" se han producido cinco reclamaciones incluyendo la presente, o sea, menos de una reclamación judicial por cada 10 millones de envases y que se estaba comprobando y luego se informaría el país o estado en que se radicó cada una de dichas reclamaciones, el tribunal, el nombre del abogado de la demandante, el número del caso y el resultado final en cada una de ellas. En 30 de enero de 1969 los peticionarios informaron al tribunal de instancia que la contestación a la pregunta 5(d) no es responsiva; que no se contestaron las preguntas 12 y 13 y que no se contestó adecuadamente la número 15. En 10 de febrero de 1969 el tribunal ordenó una contestación específica a las preguntas 5d, 12, 13 y 15 dentro de un término de 30 días. Ese mismo día, al oponerse a la imposición de sanciones, alegaron las interventoras ". . . que las contestaciones adicionales a las preguntas 12 y 15, lejos de implicar una negativa a descubrir prueba, son demostrativas de las gestiones que con toda diligencia y buena fe se han realizado para suministrar la información requerida de ellos." y que la "compareciente espera recibir la anterior información dentro de los próximos días, no obstante las múltiples investigaciones y comprobaciones que son necesarias para obtenerla."

Por último, en 27 de febrero de 1969 informaron las interventoras que:

"Pregunta 12. Miral es un ingrediente que consiste en una resina sintética producida por General Anyline & Film Company." y que "La información suplementaria a la pregunta número 15 será suministrada tan pronto se reciba."

Apuntan los peticionarios que:

"Ha transcurrido un año cuatro meses desde que se radicaron los interrogatorios y las partes más esenciales a la preparación del caso de vuestra Peticionaria no han sido contestadas; hace un año que el Tribunal Superior ordenó que se contestasen dentro del término de diez días o 'se tomarán sanciones'; hace diez meses que vuestra Peticionaria solicitó que se tomasen las sanciones dispuestas por la Regla 34.2(b) cuyas sanciones se solicitaron como último recurso luego de transcurridos ya seis meses de radicados los interrogatorios y luego de habérsele dado todas las oportunidades a la parte demandada para contestar; el Tribunal Superior no impuso sanciones de índole alguna y, por el contrario, suspendió el juicio que estaba señalado, a pesar de haber sido ampliamente informado de los perjuicios que ello causaría a vuestra Peticionaria; hace diez meses la demandada radicó unas contestaciones, que con todo el respeto que nos merece la demandada, tenemos que calificar de menosprecio a los procedimientos; hace diez meses se objetaron las referidas contestaciones y se solicitó de nuevo que se tomasen dichas sanciones; transcurrieron tres meses y se recurrió de nuevo al Tribunal Superior a solicitar una nueva Orden. Transcurre otro tiempo y entonces hace cuatro meses la demandada solicitó una llamada prórroga de quince días para contestar los interrogatorios. El Tribunal Superior concedió dicha prórroga. Es entonces que de nuevo, menospreciando todos los procedimientos, viene la demandada, hace tres meses y medio, a objetar a los interrogatorios; se celebra una vista hace tres meses; se radican alegatos y entonces la demandada no tiene más remedio que admitir que la mayor parte de sus objeciones no tenían validez de índole alguna; se expone al Tribunal Superior en la forma más extensa posible la situación procesal y se solicitan sanciones de nuevo. El Tribunal Superior no impone sanciones y vuelve a ordenar que se contesten los interrogatorios con algunas modificaciones a su Orden original; transcurre otro término de treinta días, que en su memorandum de 25 de noviembre la demandada había solicitado y transcurren aún varios días más y no se reciben las contestaciones a los interrogatorios; hace más de un mes vuelve a solicitarse al Tribunal Superior que se impongan las sanciones y se radica entonces, seis días más tarde, otra llamada 'Contestación Adicional a Interrogatorios' que no pode-

mos ni tan siquiera calificar; se acude enseguida al Tribunal Superior a objetar a dichas contestaciones y solicitar la imposición de sanciones y el Tribunal Superior opta por conceder otro término de treinta días para radicar las respuestas, cuyo término no había sido ni tan siquiera solicitado."

En vista de lo expuesto, solicitan los peticionarios, en efecto, que impongamos a las interventoras las sanciones que procedan en derecho. Examinemos el estado de derecho que enmarca la cuestión planteada. La Regla 30 de las de Procedimiento Civil requiere que las contestaciones a los interrogatorios se entreguen a la parte que las hubiesen solicitado dentro de los 15 días siguientes de notificados los interrogatorios pudiéndose prorrogar este término por el tribunal mediante moción, por justa causa. (Objeciones a los interrogatorios podrán notificarse dentro de 10 días siguientes a la notificación de aquéllos.)

La Regla 34 provee como sanciones por negarse a contestar interrogatorios notificados de acuerdo con la Regla 30 de las de Procedimiento Civil, las siguientes:

Regla 34.1. El Tribunal podrá exigir el pago de los gastos razonables incurridos en la obtención de la orden requiriendo la contestación de los interrogatorios incluyendo honorarios razonables de abogado.

Regla 34.2. La negativa de obedecer la referida orden podrá ser considerada como desacato.

Regla 34.2 (b) "Si una parte . . . rehusare obedecer una orden . . . exigiéndole contestar determinadas preguntas . . . el tribunal podrá dictar aquellas órdenes que fueren justas, y entre ellas las siguientes:

"(1) Una orden al efecto de que las cuestiones con relación a las cuales se hicieron las preguntas, o el carácter o descripción del objeto o terreno, o el contendio de un documento, o el estado físico o mental de la parte, o cualesquiera otros hechos designados sean considerados como probados a los efectos del pleito, de conformidad con la reclamación de la parte que obtuvo la orden;

(2) Una orden negándose a permitir a la parte desobediente sostener u oponerse a determinadas reclamaciones o defensas, o prohibiéndole la presentación en evidencia de determinados documentos u objetos o partes de testimonios, o presentar evidencia sobre el estado físico o mental;

(3) Una orden eliminando alegaciones o partes de las mismas, o suspendiendo todos los procedimientos posteriores hasta que la orden sea acatada o desestimando el pleito o procedimiento o cualquier parte de los mismos, o dictando una sentencia en rebeldía contra la parte desobediente;

(4) En lugar de cualesquiera de las anteriores órdenes o en adición a las mismas, una orden decretando el arresto de cualquier parte o agente de una parte por haber desobedecido cualesquiera de dichas órdenes, excepto una para someterla a un examen físico o mental."

Regla 34.4. "Si una parte, o un funcionario o agente administrador de una parte . . . dejare de presentar o notificar contestaciones a interrogatorios sometidos de acuerdo con la Regla 30 después de habérseles notificados los mismos . . . el tribunal, mediante moción y notificación, podrá eliminar total o parcialmente cualquier alegación de esa parte, o desestimar el pleito o procedimiento o alguna parte del mismo, o dictar sentencia en rebeldía contra dicha parte."

En *Sierra* v. *Tribunal*, 81 D.P.R. 554, 560 (1959), dijimos:

"La experiencia demuestra que un sistema liberal de descubrimiento de pruebas antes del juicio facilita la tramitación de los pleitos y evita los inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio. Como es sabido, en el procedimiento civil moderno se acepta que las alegaciones sólo tienen una misión: notificar a grandes rasgos cuáles son las reclamaciones y defensas de las partes. Para precisar con exactitud cuáles son las verdaderas cuestiones en controversia y aclarar cuáles son los hechos que deberán probarse en el juicio, es imprescindible recurrir a los procedimientos para descubrir prueba y obtener deposiciones antes del juicio. Nada sorprendente, pues, que todo asunto, hecho o cues-

tión pertinente al litigio se considere dentro del ámbito del descubrimiento, siempre que no se trate de una materia privilegiada."

██ La Regla 34.4 autoriza la aplicación de sanciones drásticas cuando una parte "intencionalmente" deja de descubrir prueba como, por ejemplo, el contestar unos interrogatorios. En tales casos procede la imposición de las sanciones aun cuando no se recurra al tribunal para obtener una orden al efecto. *Oaks* v. *Rojcewicz*, 409 P.2d 839 (Alaska 1966); *Trans World Airlines, Inc.* v. *Hughes*, 332 F.2d 602, 614 (2d Cir. 1964); *Hinson* v. *Michigan Mutual Liability Company*, 275 F.2d 537 (5th Cir. 1960). En *Peña* v. *Sucn. Blondet*, 72 D.P.R. 9, 12, 13 (1951), dijimos que la actuación de una parte en no descubrir prueba es "intencional" cuando "se demuestra que la parte ha actuado en forma dilatoria o contumaz al negarse a contestar los interrogatorios o los ha contestado en forma evasiva . . . ." Estas sanciones drásticas sólo deben imponerse bajo circunstancias extremas. *Independent Productions Corporation* v. *Loew's Inc.*, 283 F.2d 730, 733 (2d Cir. 1960). El tribunal, en *Gill* v. *Stolow*, 240 F.2d 669, 670 (2d Cir. 1957), dijo que: "el tribunal tiene la responsabilidad de hacer justicia entre un hombre y otro; y los principios generales no pueden justificar el negar a una parte su justo día en corte excepto en caso de una demostración sustancial de incumplimiento intencional."

██ En cuanto a las sanciones a que se refiere la Regla 34.2 (b), se solicitaron y obtuvieron en el caso ante nos, como lo requiere esta Regla, varias órdenes para que las interventoras contestasen los interrogatorios sometídosle bajo apercibimiento de la aplicación de sanciones. Varias preguntas de los referidos interrogatorios no han sido aún contestadas o han sido contestadas evasiva o inadecuadamente. Bajo la Regla 34.2 (b), no hay que demostrar que la negativa de contestar ha sido intencional. Dicha negativa simplemente significa el no cumplimiento con la orden. *Societe Internationale* v.

*Rogers*, 357 U.S. 197 (1958), 2 L.Ed. 1255. En el citado caso, el tribunal determinó, además, que "no debe interpretarse la Regla 37 en el sentido de que autoriza el desestimar una demanda debido al incumplimiento por el demandante con una orden sobre descubrimiento de prueba con anterioridad al juicio, cuando se ha establecido que el incumplimiento se debió a inhabilidad y no a una actuación intencional o de mala fe o a cualquier otra falta del peticionario." También indicó el tribunal que la Regla 37 federal es la exclusiva fuente de sanciones por el incumplimiento de una orden sobre descubrimiento de prueba.

En *Kelley* v. *United States*, 338 F.2d 328 (1st Cir. 1964), la Corte de Circuito confirmó en opinión *per curiam* una desestimación por no haberse contestado algunas preguntas de los interrogatorios. Los hechos fueron los siguientes: En 20 de febrero de 1964 se radicaron interrogatorios; se objetaron 7. En 9 de marzo se ordenó que los mismos se contestasen. El caso estaba señalado para el 6 de abril. En 3 de abril se radicaron contestaciones que excluían las siete que originalmente habían sido objetadas. El tribunal de instancia desestimó el caso. Entonces el demandante ofreció contestar los siete interrogatorios. El tribunal denegó su moción al efecto. Sostuvo el tribunal en este caso que "el abogado del demandante deliberadamente desobedeció la orden del tribunal y mediante una maniobra concebida a propósito trató de obtener una ventaja impropia. Si hubiese resultado, por lo menos a juicio del abogado, hubiera ayudado a la causa del demandante. Ahora que resultó contraproducente, desea un 'golpecito en la mano' y volver a comenzar. Nos negamos a hacer otro comentario."

En *B. F. Goodrich Tire Co.* v. *Lyster*, 328 F.2d 411, 415 (5th Cir. 1964), el tribunal dijo:

"Según leemos la Regla 37 [equivalente a la Regla 34 de las de Procedimiento Civil en vigor en Puerto Rico] ésta provee un medio flexible por virtud del cual un tribunal puede lograr el

cumplimiento con los procedimientos federales de descubrimiento de prueba mediante una amplia elección de remedios y sanciones . . . . A pesar de que la latitud del juez para redactar órdenes y sancionar el no cumplimiento es vasta, su discreción no es ilimitada . . . la presencia o ausencia de buena fe de las partes es relevante a las órdenes que deban ser emitidas y con respecto a la severidad de las sanciones."

En *United States* v. *Continental Casualty Company*, 303 F.2d 91 (4th Cir. 1962), se trataba de una reclamación de un suplidor de un contratista dirigida a su fiador. Se radicó una contestación negando todas las alegaciones de la demanda. Mediante contestaciones a interrogatorios se admitió parte de la reclamación. Se notificaron los interrogatorios adicionales. A los 31 días de recibidos y no contestados, mediante moción se obtuvo sentencia basada en que la información solicitada era conocida por la demandada y que ésta estaba ejerciendo tácticas dilatorias. A los 39 días de recibidos se contestaron dichos interrogatorios. En apelación se alegó que el tribunal de instancia abusó de su discreción. Al confirmar la sentencia, dijo el tribunal apelativo:

"Las Reglas fueron diseñadas para proveer una determinación poco costosa, justa y rápida de toda acción. Un demandado no puede hacer caso omiso del mandato claro de las Reglas. La actitud del demandado en asumir que podía hacer caso omiso impunemente de los requisitos de la Regla 33 [equivalente a la Regla 30 de las de Procedimiento Civil en vigor en Puerto Rico], hasta el nuevo término del tribunal en el cual se podría ver el caso varios meses después, demuestra un mal entendido básico del propósito y espíritu de las Reglas. Un litigante tiene derecho a recibir prontamente los beneficios del procedimiento de descubrimiento de prueba de manera que tenga tiempo suficiente para preparar su caso antes del juicio señalado y, además, con el fin de descubrir hechos que le den derecho a una sentencia sumaria o que provoquen una transacción antes del juicio.

Las sanciones autorizadas por la Regla 37 (d) no deben aplicarse a menos que se deje de cumplir intencionalmente con las disposiciones sobre descubrimiento de prueba; sin embargo 'el

dejar de cumplir intencionalmente' no incluye, necesariamente, una intención infundada de desobedecer la Regla. El dejar de actuar involuntaria o accidentalmente, es suficiente para invocar la sanción."

En *Baltimore Transit Company* v. *Mezzanotti*, 174 A.2d 768 (Md. 1961), se sostuvo una sentencia en rebeldía dictada en vista de que el demandado se negó a contestar interrogatorios no obstante haber sido requerido para hacerlo. Se trataba de un caso de daños y perjuicios en el cual el demandante lesionado solicitó, mediante interrogatorios, la versión de la demandada de cómo ocurrió el accidente y de los hechos en que descansaba su alegación de que el demandante era culpable de negligencia contributoria, incluyendo el nombre de sus investigadores. Se concluyó que tal información no era privilegiada y que por lo tanto debió contestarse el interrogatorio y, al no hacerlo, procedía la sanción impuesta.

En *Weiss Noodle Company* v. *Aprile*, 272 F.2d 923 (6th Cir. 1959), se sostuvo una sentencia en rebeldía en contra del demandante porque éste no contestó unos interrogatorios del demandado dentro de los 15 días después que el tribunal de instancia denegó las objeciones del demandante a tales interrogatorios.

Véanse, además, *Brookdale Mill* v. *Rowley*, 218 F.2d 728 (6th Cir. 1954) ; Conferencia del Juez Sterry Waterman, publicada en 29 F.R.D. 420; 2A Barron & Holtzoff, *Federal Practice and Procedure*, secs. 851–854; 4 Moore's *Federal Practice*, sec. 37; Rosenberg, *Sanction to Effectuate Pretrial Discovery*, 58 Colum. L. Rev. 485 (1958).

▪ De acuerdo con el texto de la Regla 34.4, cuando un demandante ha notificado interrogatorios bajo la Regla 30 al demandado y éste no contesta, aquél puede obtener una orden eliminando parte de las alegaciones del demandado y obtener otras sanciones aparentemente sin tener que demostrar que la omisión del demandado fue intencionalmente. Sin embargo, se ha resuelto que hay que demostrar que la omisión

fue intencional. Casos *cit. supra;* 4 Moore's *Federal Practice,* 2da. ed. (1940), secs. 33.28 y 37.04.

■ Cuando se contestan algunos interrogatorios notificados y otros no, puede obtenerse una orden del tribunal para obligar al demandado a que conteste los interrogatorios omitidos y, a menos que el demandado muestre justificación sustancial, puede requerírsele que pague los gastos, inclusive los de honorarios de abogado razonables incurridos por el demandante en exigir las contestaciones.

■ Si el demandado persiste en negarse a contestar, el demandante puede solicitar las sanciones disponibles bajo la Regla 34.2 (b). También se ha resuelto que la impugnación de los interrogatorios debe hacerse prontamente mediante moción, no pudiendo alegarse tal impugnación como defensa al requerimiento de sanciones o a la orden imponiendo sanciones. *Collins* v. *Wayland,* 139 F.2d 677 (9th Cir. 1944).

El récord demuestra que las interventoras han incurrido no tan sólo en extensas dilaciones en contestar interrogatorios notificádosle por los peticionarios sino que, a pesar de haber sido ordenadas a contestar determinados interrogatorios específicamente, han contestado las preguntas 12, 13, 14 y 15 evasiva e inadecuadamente. Es evidente que el tribunal de instancia ha sido excesivamente indulgente al permitirle tal práctica y que ha debido imponer sanciones a las interventoras desde principios del año 1968 en que dejaron de contestar los interrogatorios durante más de 15 días a pesar de la orden del tribunal dictada en 20 de febrero de 1968 para que lo hiciesen bajo apercibimiento de que serían sancionadas.

*En tal virtud, se determina que (1) no se permitirá a las interventoras presentar prueba alguna sobre, o relacionada con, la composición química del producto Alberto VO 5 Hair Spray y de su ingrediente "Miral"; y (2) las interventoras deberán completar la contestación de las preguntas 13 y 15, dentro de un plazo improrrogable de 30 días bajo apercibimiento de que, en caso de no hacerlo, el tribunal de ins-*

*tancia impondrá sanciones adicionales. Se condenará las interventoras a pagar el importe de los gastos razonables incurridos por los peticionarios en obtener las distintas órdenes requiriendo la contestación de los interrogatorios en cuestión más $1,000 de honorarios de abogado. Se devolverá el caso al tribunal de instancia para la continuación de los procedimientos, de conformidad con lo previamente expuesto.*

El Señor Juez Presidente y los Jueces Asociados Señores Hernández Matos y Dávila no intervinieron. El Señor Juez Santana Becerra hace constar que él sólo impondría las sanciones económicas de resarcimiento de gastos y honorarios de abogado, conforme a su criterio en *Ramírez de Arellano* v. *Srio. de Hacienda,* 85 D.P.R. 823 (1962).