PUERTO RICAN–AMERICAN INSURANCE COMPANY y OTROS, peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. MIGUEL A. GIMÉNEZ MUÑOZ, JUEZ, demandado; FELÍCITA MELÉNDEZ MORALES, interventora.

*Número:* O-71-268 *Resuelto:* 23 de mayo de 1972

*Agraít Oliveras & Otero,* abogados de los peticionarios; *Elfren Bernier,* abogado de la interventora.

PER CURIAM: El 4 de mayo de 1971 la demandante radicó demanda sobre daños y perjuicios contra Wilberto Cruz Matos, United Lines, Inc., y Puerto Rican American Insurance Co. En el hecho segundo de la demanda se alega:

"El día 2 de febrero de 1971 la demandante Felícita Meléndez Morales utilizó los servicios de uno de los ómnibus de la demandada United Lines, Inc., como usuario de su sistema de transportación pública. En esa fecha el demandado Wilberto Cruz Matos, como empleado en el ejercicio de su cargo con United Lines, Inc., era el conductor de dicho ómnibus."

La demandada Puerto Rican-American Insurance Co. con fecha 21 de junio radicó su contestación y negó la alegación antes aludida.(¹) El 2 de julio la demandante formuló unos interrogatorios y al contestarlos el 14 de julio siguiente la compañía aseguradora informó que "la demandante Felícita Meléndez Morales trató de subir a la guagua en los momentos en que el chofer cerraba la puerta de entrada y fue pillada por la puerta." Contestó además que "Wilfredo Cruz Matos, era empleado como chofer y que era el único testigo que se proponía utilizar."

El 14 de octubre de 1971, la demandante radicó una moción solicitando se impusieran sanciones a los demandados ya que "al contestar los interrogatorios la parte demandada admite los hechos que fueron alegados en el párrafo segundo de la demanda y que fueron negados al contestar la misma." Suplica que "en mérito de lo anterior . . . *imponga a la demandada el pago a la parte demandante de los gastos de obtener vía descubrimiento de prueba los hechos que negaron al contestar la demanda, más una suma razonable en concepto de honorarios de abogado.*" (Bastardillas nuestras.)

El 21 de octubre de 1971, sin celebración de vista, el Tribunal dictó la siguiente orden: "Vistos los autos del caso se

---

(¹)Los otros dos demandados contestaron la demanda el 21 de julio de 1971.

condena a la demandada a satisfacer al demandante la suma de $100 en concepto de gastos y honorarios."

 Sin entrar a considerar la facultad de los tribunales de instancia para sancionar a una parte mediante la imposición de costas y honorarios de abogado en situaciones como la del caso presente, [2] los autos no revelan que en verdad la demandante sufriera perjuicios con motivo de la demandada haber negado hechos que indudablemente le constaban, ya que fue informada de ellos tres semanas después y no se estableció que la inclusión de unas preguntas adicionales en unos interrogatorios le ocasionaran la erogación de gastos adicionales para justificar la imposición de honorarios de abogado. Esto no obstante, es conveniente apuntar que los abogados deben tener especial cuidado al formular sus alegaciones de no negar hechos que le consten o que pueden verificar fácilmente. Negar las alegaciones indiscriminadamente, aun con la muletilla de "por falta de información" es una práctica indeseable que los abogados deben tener especial cuidado en evitar.

Por lo antes expuesto *se dejará sin efecto la orden dictada por el Tribunal Superior, Sala de San Juan con fecha 21 de octubre de 1971.*

El Juez Presidente, Señor Negrón Fernández, no intervino al igual que los Jueces Asociados, Señores Hernández Matos, Rigau y Martínez Muñoz.

---

[2] La demandante no radicó alegato ante este Tribunal, pero solicitó la celebración de una vista. En esa comparecencia sostuvo la facultad del tribunal de instancia para imponer sanciones basadas en su poder inherente y en el caso de *Hartman* v. *Tribunal Superior,* 98 D.P.R. 124 (1969).