CORPORACIÓN AZUCARERA DE PUERTO RICO, peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. WILFRIDO ROBERTS, JUEZ, demandado; SOUTH PUERTO RICO SUGAR CORPORATION, interventora.

*Número:* O-75-301      *Resuelto:* 6 de octubre de 1975

*José Alberti Orona, Hernán Cortés Torres* y *Eileen Meléndez O'Neill,* abogados de la peticionaria; *Francis, Doval, Colorado & Carlo* y *Francisco L. Acevedo Nogueras,* abogados de la interventora.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

En el desarrollo de un programa gubernamental para rehabilitar y fortalecer la industria azucarera, la Administración de Terrenos de Puerto Rico adquirió por compra unos activos de South Puerto Rico Sugar Corporation mediante contrato formalizado el 12 de mayo de 1970.

La corporación pública compradora asumió unas obligaciones nacidas de contratos de refacción y molienda de cañas que con South Puerto Rico Sugar tenían las corporaciones productoras de caña Anegado Cane Company Inc., Cañera del Oeste Inc., y Casualidad Sugar Co., a las cuales había anticipado la vendedora interventora $500,000.00. La Central Igualdad Inc., a quien South Puerto Rico Sugar Corporation debía pagar una bonificación de $1.15 por cada tonelada de caña molida proveniente de dichos colonos, autorizó a ésta a retener el bono en caso de que las cañas entregadas no fueran suficientes para cubrir el pago anual de la deuda de refacción. La Corporación Azucarera de Puerto Rico, cesionaria de la Administración de Terrenos, cumplió las obligaciones asumidas mientras los colonos Anegado, Cañera del Oeste y Casualidad le entregaron sus cañas. Descontinuó los pagos de bonificación al cesar las entregas.

South Puerto Rico Sugar reclama en su demanda contra la Corporación Azucarera de Puerto Rico un balance de $263,000.00 por las zafras de 1972 y 1973 en que dicha corporación pública no molió cañas de los colonos. [1]

Contra la demanda presentó la Corporación Azucarera moción para desestimar fundada en insuficiencia de hechos

---

[1] Funda la acción en el párrafo 6 del llamado contrato básico de compraventa, redactado en inglés, que literalmente transcribimos:

"6.—Possession of all farms or portions of farms being leased, managed or serviced by Seller shall be delivered to Purchaser upon the cutting of the cane thereon, whereupon Purchaser shall assume from the time of such delivery of possession all expenses for the cultivation and other preparation of such farms or portions of farms for the 1970-71 crop and thereafter together with all bonuses, rentals, taxes, public liability responsibility as well as other claims connected with Purchaser's operation of the farms provided all of the same have been incurred or accrued after delivery of such possession or incurred or accrued under existing legislation or contracts assumed herein by Purchaser prior to delivery of such possession but relating to a period following such delivery. Seller shall be responsible for the payment of the rentals, bonuses, taxes and public liability responsibility applicable to the 1969-70 crop and all preceding crops."

que justifiquen un remedio, por no alegarse afirmativamente que la Corporación Azucarera hubiera recibido y molido cañas de los colonos Anegado, Cañera del Oeste, y Casualidad para las zafras de 1972 y 1973, e impugnó la jurisdicción de la sala de instancia alegando que corresponde a la Junta Azucarera. Acompañó una declaración jurada de su Director Ejecutivo Sr. Blanco Lugo afirmando la terminación de entrega de cañas, la devolución de las fincas donde se producían las mismas por las corporaciones colonos a sus dueños Hnos. Ortiz Roméu quienes posteriormente las dieron en arrendamiento directo a la Corporación Azucarera. El juez de instancia rehusó desestimar la demanda sin aducir fundamento y la corporación pública demandada recurrió en *certiorari*. Expedimos el auto.

■ La Junta Azucarera es un organismo administrativo de competencia claramente limitada (5 L.P.R.A. sec. 384— Supto.) (²) que no se extiende a la presente acción donde la adjudicación de derechos ha de basarse en la interpretación del contrato de venta, encomienda por excelencia de las cortes de justicia, y en la que el conocimiento especializado (*expertise*) de la agencia administrativa no tiene función que cumplir. *A. Roig Sucrs.* v. *Junta Azucarera*, 77 D.P.R. 342, 352 (1954).

---

(²) 5 L.P.R.A. sec. 384—Supto.

"La Junta Azucarera tendrá amplias facultades para oír y decidir cualquier controversia que surja bajo los términos de las secs. 371 a 405 de este título y/o las reglas y reglamentos u órdenes que dictare, así como cualquier otra controversia que surja entre colonos y centrales. Disponiéndose que cuando un mismo operador tenga a su cargo más de una central, toda notificación de la Junta Azucarera deberá hacerse tanto a la central como a su operador.

"La Junta Azucarera conservará las facultades del párrafo anterior, sobre cualquier central que cese en sus operaciones o haya sido transferida a nuevos dueños, poseedores o arrendatarios, durante un período de 5 años después de dicho cese o transferencia. Una vez transcurrido dicho período de 5 años, se extinguirá el derecho del colono para utilizar a la Junta Azucarera como foro para adjudicar dichas controversias."

■ Ahora bien, introducidas por el afidávit del Director Ejecutivo de la Corporación Azucarera materias no contenidas en la demanda impugnada, la moción para desestimar ha debido tomarse como solicitud de sentencia sumaria (Regla 10.2 de Procedimiento Civil) y resolverse siguiendo el procedimiento de la Regla 36, tomando en consideración el contrato en autos y las disposiciones de la Ley sobre Contratos de Refacción Agrícola y Molienda de Cañas (5 L.P.R.A. sec. 168([3])) por aparecer tanto del contrato como de la Ley, que la continuada producción y entrega de cañas por los colonos a la Corporación Azucarera de Puerto Rico era elemento de peso en la contratación entre ésta y South Puerto Rico Sugar. Sobre la entrega y molienda de cañas está también predicado el contrato privado de 2 de noviembre de 1964 que estableció la bonificación de $1.15 por tonelada a pagarse por South Puerto Rico Sugar a Central Igualdad y que luego fuera cedida por ésta para cubrir deficiencias en el pago por las corporaciones colonos, cuya bonificación es la médula de la reclamación de South Puerto Rico Sugar Corporation.

■ En la ventilación de pleitos que absorben gran parte del tiempo útil del tribunal, las salas de instancia no deben vacilar en utilizar al máximo los recursos de Reglas para aligerar los procedimientos, aun cuando tengan que originarlos motu proprio ante la falta de iniciativa de las partes, con la restricción y mesura que proteja los derechos de los litigantes.

---

([3]) 5 L.P.R.A. sec. 168.

". . . Se conocerá por contrato de molienda de cañas los verificados entre las factorías e ingenios de azúcar y los llamados colonos, propietarios, poseedores, arrendatarios o subarrendatarios de fincas destinadas en todo o en parte al cultivo de cañas, para la venta o molienda de cañas y elaboración o venta de azúcar.

". . .

". . . Si el contrato de molienda fuere comprensivo de crédito refaccionario, pudiendo la factoría descontar al colono, del precio o liquidación de las cañas entregadas y molidas, en la forma que estipule el contrato, las cantidades suministradas al colono en concepto de refacción."

Será cuestión a decidir si la Administración de Terrenos y su sucesora Corporación Azucarera de Puerto Rico, al asumir los contratos, se constituyeron en garantizadoras incondicionales de los balances adeudados a South Puerto Rico Sugar Corporation, o si simplemente se subrogaron en lugar de ésta sujetas a las contingencias de incumplimiento de los contratos de refacción por parte de los colonos.

*Se anulará la resolución recurrida y se devolverá el caso a la sala de instancia que ha de conceder tiempo razonable a la demandante South Puerto Rico Sugar Corporation para rebatir la moción tomada como solicitud de sentencia sumaria, la que resolverá conforme a derecho. Revocada.*

El Juez Presidente Señor Trías Monge se inhibió.