# 95 DTA 218

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE CAROLINA - FAJARDO**

JUAN GUTIERREZ CALDERON, ANGELINA COLON RESTO, SOCIEDAD DE
GANANCIALES, Y JUAN A. GUTIERREZ COLON
Demandantes-Recurridos

v.

ESTADO LIBRE ASOCIADO DE PUERTO RICO, AUTORIDAD DE ACUEDUCTOS Y
ALCANTARILLADOS, AUTORIDAD DE ENERGIA ELECTRICA,
DEFENSA CIVIL ESTATAL, Y OTROS
Demandados-Recurrentes

Núm. KCLE-95-00426

San Juan, Puerto Rico, a 30 de junio de 1995

Panel integrado por su presidenta, Juez Rivera de Martínez
y los Jueces Cabán Castro y Martínez Torres

**TEXTO COMPLETO DE LA RESOLUCION**

El recurso instado en el caso de autos, interesa la revisión de una resolución emitida el 10 de mayo de 1995 ▇ por el Tribunal de Primera Instancia, Sala Superior de Carolina, por voz del Hon. Francisco J. Viera Cruz. En la misma el tribunal declaró sin lugar una moción presentada el 20 de abril del año en curso, por la co-demandada aquí peticionaria, Autoridad de Acueductos y Alcantarillados, consistente en que se le permita reabrir el descubrimiento de prueba. La reapertura contempla la radicación de demanda contra terceros para dilucidar una acción de nivelación, deponer a diecisiete (17) personas y a cualquier otra persona cuyo nombre o información surja de las deposiciones, y por último, que se le permita traer a la

atención del tribunal de instancia cualquier otro asunto según surja la necesidad en el descubrimiento reabierto.

Inconforme con lo resuelto por el tribunal de instancia, la peticionaria recurre ante nos para que revoquemos dicha determinación. Fundamenta la solicitud en lo dispuesto en las Reglas 12 y 23 de las de Procedimiento Civil, 32 L.P.R.A. Ap.

## I

Examinemos detenidamente los hechos que originan esta controversia.

El presente caso tiene su génesis en los eventos ocurridos el día 26 de julio de 1993, cuando William Colón Burgos, Edgardo Gutiérrez Colón y José Bonilla González, tres policías de la Unidad Aérea de la Policía de Puerto Rico, cumpliendo una misión de aviso a todas las personas que se encontraban en el Río Grande de Loíza, cerca de la Represa Carraizo de Trujillo Alto, tuvieron un accidente, al caer el helicóptero en que viajaban en el mencionado río al venir en contacto con líneas de alto voltaje del tendido eléctrico de la Autoridad de Energía Eléctrica.

Como resultado del accidente murieron en el acto los tres policías y el 11 de marzo de 1994, se presentó la demanda de daños y perjuicios █ de donde emana la controversia ante nuestra consideración. Al momento del accidente la Autoridad de Acueductos y Alcantarillados, co-demandada y aquí peticionaria, se proponía abrir las compuertas de la represa para llevar a cabo una descarga preventiva.

Por tratarse de un caso complejo y de múltiples partes, el 30 de abril de 1994, el tribunal de instancia estableció un plan de trabajo que incluía la manera en que se llevaría a cabo el descubrimiento de prueba el cual debía finalizar el 30 de diciembre de 1994. █

El 27 de octubre de 1994, se llevó a cabo una vista de seguimiento en la que las partes acordaron, y el tribunal aceptó, los siguientes aspectos relacionados con el plan esbozado:

*"(1) A tenor con la Regla 38.2 de las de Procedimiento Civil, el descubrimiento de prueba sería dirigido únicamente al aspecto de responsabilidad, por lo que el aspecto de daños no sería objeto de descubrimiento en esa etapa del pleito.*

*(2) Del 8 al 12 de mayo de 1995, se celebraría el juicio en su fondo.*

*(3) El 21 de abril de 1995, se llevaría a efecto la conferencia final.*

*(4) El 10 de abril de 1995 sería la conferencia con antelación al juicio.*

*(5) El 30 y 31 de marzo de 1995, se prepararía el informe sobre conferencia preliminar entre abogados.*

*(6) Solamente se permitirían mociones dispositivas que se hubieran presentado a más tardar para el 31 de marzo del año en curso."*

Luego de varios trámites judiciales y extrajudiciales, █ el caso fue reasignado al Hon. Francisco J. Viera Cruz, el cual celebró una vista de seguimiento el 31 de marzo de 1995 █

Allí ordenó a las partes preparar el informe preliminar entre abogados, para ser discutido en la conferencia con antelación al juicio a celebrarse el 10 de abril de 1995, acorde con el plan de trabajo.

En la conferencia con antelación al juicio celebrada el 10 de abril del año en curso, el tribunal con la anuencia de los abogados dispuso lo siguiente:

*"La vista en su fondo del caso comenzará el 28 de agosto de 1995 hasta el 1ro. de septiembre de 1995 y continuará del 7 al 10 de noviembre de 1995 a las 9:00 a.m.*

*Los abogados acordaron reunirse para preparar el informe de conferencia los días sábado 15 y lunes 17 de abril de 1995 a las 9:00 a.m. en las oficinas de la licenciada Medina.*

*Conjuntamente con el informe de conferencia los abogados podrán hacer los **planteamientos de asunto que fuera necesario resolver para que se pueda disponer de ellos en la conferencia del 21 de abril de 1995"**.* (énfasis suplido)

Amparándose en lo expresado en el último párrafo, el 20 de abril de 1995, la peticionaria presentó una moción solicitando, en esencia, reabrir el procedimiento de descubrimiento de prueba, radicar demanda contra terceros para dilucidar acción de nivelación, deponer a diecisiete (17) personas y a cualquier otra persona cuyo nombre o información surja de las deposiciones, y por último, que se le permita traer a la atención del tribunal de instancia cualquier otro asunto según surja la necesidad en el descubrimiento reabierto.

Trabada así la controversia, el 21 de abril del año en curso el tribunal de instancia denegó la moción solicitada por presentarse tardíamente. Razonó el tribunal que la misma pretendía reiniciar el descubrimiento de prueba en una etapa avanzada de los procedimientos, y que la codemandada-peticionaria no objetó ni recurrió en alzada para impugnar el plan de trabajo calendarizado. También señaló que dicha parte no acreditó al tribunal el haber sido diligente en la búsqueda de la información que ahora solicitaba, a la luz de *Lluch v. España Service Station,* 117 D.P.R. 729 (1986).

Inconforme con la determinación de instancia, recurre ante este tribunal, señalando el siguiente error:

*"Erró el Honorable Tribunal de Instancia al denegar el descubrimiento de prueba señalado como pendiente en la moción del 20 de abril de 1995, así como no permitir las acciones de nivelación que interesa proseguir la peticionaria, fundamentando su negativa en que dicho descubrimiento de prueba, así como la acumulación de dichas acciones, es tardío".*

A tenor con la Regla 23.4 de las de Procedimiento Civil, la peticionaria nos invita a dilucidar, si debe el tribunal *a quo* reabrir el descubrimiento de prueba y permitir, entre otras cosas, de ser necesario, que se traigan como terceros demandados a los fabricantes del helicóptero, a los fabricantes que manufacturaron su motor, a los que posteriormente repararon dicho motor y otros. Así también, que el descubrimiento sirva para determinar si la tripulación fue negligente y proceder con una acción de nivelación contra los demandantes, y todo lo que sea necesario como resultado de este descubrimiento.

## II

Consideramos que no se cometió por el tribunal de instancia el error que aduce el peticionario. Veamos.

La Regla 23.1 de Procedimiento Civil dispone en forma general el alcance del descubrimiento de prueba, el cual podrá ser limitado por el tribunal. Como parte del descubrimiento necesario, los interrogatorios han sido reconocidos como la espina dorsal de esa fase, pero deben ser utilizados en forma razonable.

El caso de *Medina Morales v. Merck, Sharp. & Dohme*, ___ D.P.R. ___ (1994), **94 J.T.S. 52,** a la pág. 11787, nos ilustra sobre el aspecto señalado en la forma siguiente:

*"Reiteradamente hemos expresado que los interrogatorios constituyen la espina dorsal del descubrimiento de prueba. Aponte Rivera v. Sears Roebuck of P.R., Inc., supra. Estos, aunque amplios y abarcadores, deben cumplir con **criterios de razonabilidad...**"*

Dicho caso provee, además, para que el tribunal en esa etapa del procedimiento ejerza el control necesario:

*"En Vellón v. Squibb Mfg., Inc., 117 D.P.R. 838, 849-850 (1986), alertamos a los tribunales de instancia a estar prestos a reconocer e identificar los casos, que por tener multiplicidad de partes o controversias de hechos o derecho complejas y técnicas, sea necesario ofrecer un manejo distinto al descubrimiento de prueba. Allí expresamos que "[e]n* ***casos complejos... los jueces tienen que mantenerse alertas al potencial que existe para el abuso, ya sea por el uso inadecuado o excesivo de los mecanismos de descubrimiento. Tienen que estar dispuestos a intervenir mediante la emisión de guías y órdenes apropiadas para conjurar los problemas en su inicio." Id. Exhortamos a los tribunales de instancia, a que, desde el comienzo de la acción, "identifique[n] los problemas potenciales y tome[n] control del caso." Id. Factores tales como los recursos de las partes y a cuál de ellas le es más fácil producir cierta clase o tipo de prueba, deben, entre otros, tomarse en consideración, tanto al estructurar el desenvolvimiento del descubrimiento de prueba como al entender en mociones para que se conteste un interrogatorio o para que se emitan órdenes protectoras. Estos factores también juegan un rol importante al evaluar la adecuacidad del descubrimiento realizado."*** (Enfasis suplido) Cita precisa a la pág. 11787.

En armonía con la visión antes expuesta, la Regla 23. 4 de las de Procedimiento Civil, expresa:

*"Las partes concluirán las gestiones relacionadas con el descubrimiento de prueba dentro del término de sesenta (60) días siguientes a la notificación de la contestación de la demanda, reconvención, demanda contra tercero y demanda contra co-parte. **El tribunal tendrá facultad para prorrogar o acortar dicho término según las circunstancias del caso lo ameriten y garanticen una pronta solución de la controversia."*** (Enfasis nuestro).

La fijación de este término tiene como propósito compeler a las partes y a sus abogados a actuar con mayor diligencia y rapidez, evitando así atrasos innecesarios en los procedimientos, ya sean éstos intencionados o como resultado del descuido o indolencia. El término sugerido es directriz para la conclusión del descubrimiento, pero su finalización depende de las circunstancias de cada caso, y sobre ello el tribunal dispondrá lo que estime procedente luego de analizar las particularidades del caso. Sobre esto, véase: José A. Cuevas Segarra, Análisis Editorial, *Práctica Procesal Puertorriqueña*, Vol. II, *Procedimiento Civil,* **Publicaciones J.T.S.,** a la pág. 134,(1985).

El tribunal puede variar el término de sesenta (60) días establecido por la Regla 23.4, según lo requieran las circunstancias específicas de cada caso. Ello tiene el propósito de garantizar que se cumpla con el objetivo fundamental de nuestro sistema procesal de justicia que es el que se pueda lograr una solución justa, rápida y económica de la controversia. Regla 1 de las de Procedimiento Civil; *García Negrón v. Tribunal Superior,* 104 D.P.R. 727, 729 (1976).

Es importante tener en cuenta el balance de intereses envuelto en cada caso en particular. Al respecto, el Tribunal Supremo estableció en el caso de *Lluch v. España Service Station, supra,* lo siguiente:

*"Al ejercer su discreción de prolongar o acortar el término para realizar el descubrimiento de prueba, el tribunal deberá hacer un balance entre dos intereses de gran importancia para el adecuado desenvolvimiento de la labor de impartir justicia a través del sistema judicial: de una parte deberá garantizar la pronta solución de las controversias, y de otra, velar porque las partes tengan la oportunidad de llevar a cabo un amplio descubrimiento de forma tal que en la vista en su fondo no surjan sorpresas. Al realizar esta delicada labor deberá tener presente que un amplio y liberal descubrimiento de prueba es "la médula del esfuerzo de destruir de una vez y para siempre la deportiva teoría de justicia" que tanto mina la fe del pueblo en el sistema judicial. Ades v. Zalman, 115 D.P.R. 514, 517 (1984); Rivera Alejandro v. Algarín, 112 D.P.R. 830 (1982); Sierra v. Tribunal Superior, 81 D.P.R. 554 (1959); Shell Co. (P.R.) Ltd. v. Tribl. de Distrito, 73 D.P.R. 451, 461 (1952); J. A .Cuevas Segarra, Práctica Procesal Puertorriqueña, San Juan, **Publicaciones J.T.S.,** 1985, Vol. II, Cap. V. "[U]n sistema liberal de descubrimiento de pruebas antes del juicio facilita la tramitación de los pleitos y evita inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio." Sierra v. Tribunal Superior, supra, pág. 560. Bien utilizado el descubrimiento de prueba acelera los procedimientos, propicia las transacciones y evita sorpresas indeseables en el juicio. Hartman v. Tribunal Superior, 98 D.P.R. 124, 135 (1969), Sierra v. Tribunal Superior, supra; United States v. Continental Casualty Company, 303 F.2d 91 (4to Cir. 1962); 8 Wright & Miller, Federal Practice and Procedure: Civil Sec. 2001 (1970)."*

No obstante, la norma general considera que los tribunales no deben permitir el uso de los mecanismos procesales fuera de los términos establecidos en las Reglas de Procedimiento Civil. De igual forma, tampoco deben conceder prórrogas a menos que éstas se presenten dentro del término establecido en las reglas, vengan acompañadas de una adecuada justificación, el tribunal determine que al concederla no se causará perjuicio a la otra parte o una indebida dilación a la pronta solución de la controversia y que su concesión sea necesaria para lograr la justa solución de la contienda judicial. *Lluch v. España Service Station, supra.*

## III

La razón que nos ofrece la peticionaria para justificar la reapertura del descubrimiento de prueba no nos convence. En específico, los testimonios que alegadamente arrojan nueva evidencia, estuvieron al alcance de la peticionaria desde el 16 de diciembre de 1994 al 16 de marzo de 1995. El reportaje noticioso del Canal 11 de televisión que solicita ahora, fue trasmitido el 23 de agosto de 1993. En la vista celebrada el 10 de abril de 1995, la peticionaria no informó al tribunal sobre los nuevos ángulos. Por el contrario, estuvo totalmente conforme con el plan de trabajo acordado. Todo el descubrimiento que la peticionaria interesa hacer en este momento pudo haberlo realizado antes, sin que nada hiciera para poner en posición al tribunal de instancia en conocimiento de ello, de manera que dicho tribunal oportunamente tomara acción. Permitir este descubrimiento causaría evidentemente una demora indebida e injusta en la solución de la controversia.

Por los fundamentos que anteceden consideramos que el tribunal de instancia actuó correctamente al declarar sin lugar la solicitud de la peticionaria para la reapertura del descubrimiento de prueba, por lo que se deniega el recurso instado.

Lo acordó el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**1.** Fue notificada a las partes el 15 de mayo de 1995.

**2.** Con posterioridad se radicaron otras acciones que surgieron del mismo evento, y todos los casos fueron consolidados con el de epígrafe.

**3.** Esta minuta no está completa. Véase el anejo 4 del apéndice.

**4.** Había testimonios en controversia y surge del propio recurso que la peticionaria tomó deposición a las siguientes personas:

(1) El 16 de diciembre de 1994, depuso la Sra. Edna Díaz Betancourt, testigo de la parte demandante. Alegadamente fue testigo presencial del accidente.

(2) El 24 de febrero de 1995, depuso la mujer policía, Sra. Adela Vélez, quien alegadamente el día del accidente fungía como retén en la Unidad Aérea de la Policía.

(3) El 16 de marzo de 1995 depuso José Delgado Colmederos, Director de la Base Aérea Roig, Piloto IV y representante de la Agencia Federal de Aviación de la Unidad Aérea de la Policía. Entre otros aspectos, alegadamente señala las reparaciones continuas del motor de la nave accidentada.

En lo pertinente, el tribunal de instancia emitió el 23 de febero de 1995, una orden al Superintendente de la Policía de Puerto Rico, para producir documentos y prestar deposición ante la peticionaria. Los documentos fueron producidos el día 16 de marzo del año en curso, pero el Superintendente no compareció a la deposición.

**5.** La peticionaria no proveyó la minuta de dicha vista.

**6.** Véase minuta de la vista celebrada el 10 de abril de 1995, en el anejo 16 del apéndice del presente recurso.

**7.** Véase escrito titulado: Moción Informando Asuntos Pendientes, del 20 de abril de 1995, en el anejo 18 del recurso instado.

**8.** No obstante, el tribunal ordenó a la Policía de Puerto Rico a producir documentos a favor de la peticionaria. Véase la resolución a tales efectos emitida el 10 de mayo de 1995, en el anejo 1 del recurso.