# 99 DTA 177

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL V

PEDRO BARBOSA FIGUEROA, MARIA DEL CARMEN MORALES RUIZ Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS
Peticionarios

v.

CORPORACION DEL FONDO DEL SEGURO DEL ESTADO Y OTROS
Recurridos

Núm. KLCE-99-00317

San Juan, Puerto Rico, a 18 de mayo de 1999

Panel integrado por su Presidente, Juez Ramón Negrón Soto
y los Jueces Jorge Segarra Olivero y Antonio J. Negroni Cintrón

Negroni Cintrón, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se trata de un recurso de *certiorari* y solicitud de paralización en auxilio de nuestra jurisdicción presentados por Pedro Barbosa Figueroa, María del Carmen Morales Ruiz y la Sociedad Legal de Gananciales por ellos compuesta para que revisemos la corrección de una resolución emitida el 8 de marzo de 1999 por la Sala Superior de Ponce del Tribunal de Primera Instancia. Mediante ese dictamen denegó la solicitud de los peticionarios formulada durante una conferencia con antelación al juicio celebrada en esa fecha para incluir al Dr. Julio Simons Martínez como perito suyo, a pesar de que éste había evaluado al peticionario el 19 de febrero de 1999; que pautó la continuación de la conferencia con antelación para el 1 de julio de 1999 y que permitió que se tomaran otras deposiciones dentro de los treinta (30) días siguientes, en un pleito sobre daños y perjuicios

incoado por los peticionarios en noviembre de 1992.

El tribunal de instancia justificó su dictamen aduciendo que como el pleito se había iniciado en 1992 los peticionarios habían tenido tiempo suficiente para anunciar e informar quién sería su perito y que permitirlo acarrearía unos gastos adicionales a todas las partes recurridas; que no se privaría de las defensas o pruebas necesarias a la parte demandante y que no se podía premiar la conducta desplegada por los peticionarios, la que a la fecha de la conferencia tampoco había rendido un informe de un economista en torno al lucro cesante que reclama.

En su escrito, los peticionarios le imputan error y abuso de discreción al tribunal al negarle la oportunidad de incluir al perito. Sostienen, en síntesis, que aun cuando a las partes se les había concedido un término para presentar los informes de sus peritos, la determinación constituye una sanción drástica si se toma en consideración las dificultades que impidieron en su caso cumplir con esa directriz.

Examinado el escrito petitorio y su apéndice, le concedimos término a la parte recurrida para que mostrara causa por la cual no debíamos expedir el auto solicitado, revocar el dictamen recurrido y permitir que los peticionarios puedan incluir como testigo pericial suyo al Dr. Julio Simons Martínez. No lo hizo. Resolvemos según intimado.

No está en discusión que los tribunales poseen amplia facultad para disponer de los procedimientos ante su consideración de forma que se pueda asegurar la más eficiente administración de la justicia. Véase, *Vellón v. Squibb Mfg., Inc.*, 117 D.P.R. 838, 847 (1986); Cf. *Ortiz Rivera v. E.L.A., National Insurance Co.*, 125 D.P.R. 65, 69 (1989); *Amaro González v. First Federal Savings Bank*, 132 D.P.R. 1042 (1993). Es un deber que se le impone al Tribunal de Primera Instancia para que actúe afirmativa y dinámicamente en la tramitación de los casos ante su consideración. Véanse, *Medina Morales v. Merck, Sharp & Dohme*, Op. de 7 de abril de 1994, **94 J.T.S. 52**; *Cuadrado Carrión v. Romero Barceló*, 120 D.P.R. 434 (1988); *Camaleglo v. Dorado Wings, Inc.*, 118 D.P.R. 20 (1986).

*"En la ventilación de pleitos que absorben gran parte del tiempo útil del tribunal, las salas de instancia no deben vacilar en utilizar al máximo los recursos de Reglas para aligerar los procedimientos, aun cuando tengan que originarlos motu proprio ante la falta de iniciativa de las partes, con la restricción y mesura que proteja los derechos de los litigantes."* *Corporación Azucarera v. Tribunal Superior*, 104 D.P.R. 214, 218 (1975).

En el descargo de esta función, si determinan que las actuaciones de una parte están perjudicando y entorpeciendo los procedimientos, los tribunales tienen extensa autoridad para prohibir, sancionar o castigar esa conducta. Entre otras medidas, pueden eliminar alegaciones y defensas, desestimar reclamaciones, imponer sanciones económicas a las partes, a sus abogados o a ambos, dar por admitidos ciertos hechos y dictar sentencia en rebeldía. Reglas 6.4, 9, 10.8, 34.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III; *Dávila v. Hospital San Miguel, Inc.*, 117 D.P.R. 807 (1986); *Lluch v. España Service Station*, 117 D.P.R. 729 (1986).

En lo pertinente a la controversia que nos ocupa, la Regla 34.2 (b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, en particular autoriza una sanción adicional al disponer lo siguiente:

*"Si una parte o un funcionario o agente administrador de una parte o una persona designada para testificar a su nombre, según disponen las Reglas 27.5 ó 28, dejare de cumplir una orden para llevar a cabo o permitir descubrimiento de prueba, incluyendo una orden bajo la Regla 34.1 y bajo la Regla 32, el tribunal podrá dictar, con relación a la negativa, todas aquellas órdenes que fueren justas, y entre ellas las siguientes:*

*(1) ...*

*(2) Una orden negándose a permitir a la parte que incumpliere, sostener u oponerse a determinadas reclamaciones o defensas, o prohibiéndole la presentación de determinada materia en evidencia.*

*(3) ...".*

Ahora bien, a pesar de la gran discreción que tienen los tribunales y de que medidas como las antes indicadas pueden tener el efecto de facilitar la prueba de su caso a la parte que ha sido diligente en el trámite de su reclamación o defensa, esta facultad de sancionar no es irrestricta. La prohibición para presentar prueba que como sanción autoriza la Regla 34.2(b), no puede utilizarse en ausencia de una demostración de conducta negligente, deliberada o contumaz. *Amaro v. First Federal Savings Bank, supra,* modificando en parte lo resuelto en *Hartman v. Tribunal Superior,* 98 D.P.R. 124 (1969).

Ello debe ser así, toda vez que tan drástica sanción afecta de manera sustancial uno de los elementos cardinales del debido proceso de ley de todo litigante ante el Tribunal de Primera Instancia: el derecho a presentar prueba a su favor.

A la luz de esta normativa, concluimos que el tribunal de instancia no ejerció adecuadamente su discreción en la causa que nos ocupa.

No existe indicio alguno de que la tardanza de los peticionarios en anunciar su perito y presentar el informe preparado por éste haya sido el resultado de una actuación deliberadamente dirigida a entorpecer y dilatar los procedimientos. Aunque el pleito se inició en 1992, no fue hasta 1998 que se adquirió jurisdicción sobre todos los recurridos y por distintas razones no se ha finalizado todavía el descubrimiento de prueba entre las partes. Es un hecho que surge de la minuta del 8 de marzo de 1999 que el tribunal de instancia extendió el término del descubrimiento de prueba, permitió que se tomaran otras deposiciones pendientes y pautó la continuación de la conferencia con antelación al juicio para julio de 1999, lo que es indicativo que este pleito no está listo todavía para juicio. En adición a ello, los peticionarios le informaron al tribunal de instancia que no habían podido localizar al perito pericial cuya inclusión fue denegada por ese foro.

En segundo lugar, según la propia minuta levantada de las incidencias de la conferencia celebrada el 8 de marzo de 1999, la parte recurrida no mostró objeción alguna a ese pedido. Aceptó que no tendría objeción si se le permitía deponer a ese nuevo perito una vez recibiera su informe y se le concediera término para contratar su perito.

En tercer término, antes de impedir la presentación de un testigo pericial como prueba en el pleito, el tribunal de instancia tenía y tiene la opción de imponerle sanciones económicas severas a los peticionarios o a su abogado, si concluye que uno o ambos actuaron irresponsablemente, *Amaro v. First Federal Savings Bank, supra,* o la de condenarlos al pago de costas interlocutorias si estima que uno u otro o ambos incurrieron en demora, inacción, abandono, obstrucción o falta de diligencia, Regla 44.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, para minimizar las inconveniencias y gastos que la inclusión del nuevo perito o la dilación pudiere causarle a los recurridos. Un tribunal de instancia debe acudir a estas alternativas menos severas antes de sancionar a una parte prohibiéndole la utilización de un testigo como prueba en el juicio.

Finalmente, el tribunal de instancia siempre puede pautar la toma de la deposición del nuevo perito anunciado por los peticionarios, tal y como pautó las restantes deposiciones, establecer nuevos términos para que finalice el descubrimiento de prueba y tomar aquellas medidas necesarias para preparar el pleito para juicio.

Por los fundamentos antes expuestos, se expide el auto solicitado y se revoca la resolución recurrida y para permitir la inclusión del Dr. Julio Simons Martínez como testigo perito de los peticionarios. Se devuelve la causa a la sala de origen para que continúen los procedimientos de forma consistente con lo aquí resuelto.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General