# 2002 DTA 114

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA**

OLGA RODRIGUEZ ROSADO Y OTROS
Recurridos

v.

SYNTEX (F.P.), INC.; SYNTEX PUERTO RICO, INC.
Peticionarios

Núm. KLCE-2000-01119

San Juan, Puerto Rico, a 20 de junio de 2002

Panel integrado por su Presidenta, la Juez Pesante Martínez,
y los Jueces Rodríguez García y Salas Soler

Rodríguez García, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparece Syntex (F.P.) Inc. y Syntex Puerto Rico, Inc. (Syntex) en el interés de obtener la revocación de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao, en 8 de septiembre de 2000. Mediante la misma, se declaró Con Lugar una solicitud de orden de producción de documentos presentada por la parte demandante compuesta por Olga M. Rodríguez Rosado y otros empleados y ex-empleados de la parte peticionaria. Simultáneo a la presentación de este recurso, Syntex también nos solicitó la paralización del descubrimiento de prueba en el caso ante Instancia hasta tanto nos expresáramos en torno a su petición de *certiorari*. Mediante resolución, accedimos a lo solicitado.

Syntex fue demandada en 27 de agosto de 1996. Los documentos solicitados por los demandantes, y ordenados por el Tribunal de Instancia a descubrirse, hacen referencia a fechas posteriores al período de la presentación de la demanda; por esta razón, Syntex se opone a proveer estos documentos.

Por los fundamentos que habremos de exponer, se expide el auto solicitado, se revoca la resolución recurrida, y se dicta SENTENCIA para establecer las pautas necesarias para concluir el descubrimiento de prueba para la continuación de los procedimientos en forma consistente con lo aquí expuesto.

## I. Trasfondo fáctico y procesal.

### i. La demanda original, de 27 de agosto de 1996.

En **27 de agosto de 1996**, Syntex (F.P.) Inc. y Syntex Puerto Rico, Inc. (Syntex) fueron demandadas por alegadas violaciones a lo dispuesto en la antigua Ley de Salario Mínimo de Puerto Rico, Ley Núm. 96 de 26 de junio de 1956, 29 L.P.R.A. § 245 *et seq.* Los demandantes fueron: Olga M. Rodríguez Rosado y otros codemandantes cuyos nombres se designaron en el ANEJO A de la demanda, por sí y en representación de otros Quinientos (500) miembros de *"La Clase"* empleados y ex-empleados de Syntex. Luego, los demandantes desistieron de litigar como una clase.

En apretada síntesis, los demandantes solicitaron del Tribunal de Primera Instancia las sumas que alegadamente se les adeuda por concepto de trabajos realizados durante el período estatutario para tomar alimentos; durante el séptimo día de descanso; por vacaciones no concedidas o no disfrutadas consecutivamente o fraccionadas indebidamente; por sumas no pagadas como bono de navidad; créditos al plan de pensiones y sumas a parearse bajo el plan de ahorro.

En la primera alegación de la demanda original, presentada en 27 de agosto de 1996, se indicó lo siguiente:

*"1. Los demandantes constituyen una clase* ▇ *integrada por obreros que han trabajado a tiempo completo hasta (10) años para el patrono demandado en la planta manufacturera y empacadora de hormonas sintéticas y otros productos farmacéuticos en Humacao, Puerto Rico, durante los períodos que se exponen en el Anejo A para el caso de los representantes co-demandantes de la clase, no habiendo cesado éstos en sus empleos con anterioridad a los últimos tres (3) años antes de la radicación del presente pleito"*. (Páginas 2 a la 3 del Apéndice del recurso instado; énfasis nuestro.)

Los períodos de tiempo comprendidos en el *"Anejo A"* de la demanda fueron establecidos por los demandantes mediante una *"tabla"* explicativa que contiene el nombre y demás información de los empleados, y otro renglón para especificar la fecha de comienzo de trabajo como la de terminación. Esta tabla contiene los nombres de quince (15) demandantes, ▇ y de éstos, diez (10) estaban trabajando para Syntex cuando presentaron su reclamación.

Dos de ellos, Serrano Maldonado y Torres González ofrecen como su fecha de cese en el empleo como octubre 1994 y junio 1994, respectivamente.

Sin embargo, en tres de los empleados, Carrasco Colón, Flores Medina, y Rodríguez Rosado, no se ofrece la fecha en que cesaron en sus empleos con Syntex. ▇

De entrada, y en la demanda original, figuran empleados en tres categorías distintas, las cuales serán analizadas y desglosadas en esta sentencia, para establecer los derechos al descubrimiento de prueba que cobija a cada empleado.

En **31 de octubre de 1996**, Syntex contestó la demanda, y en la alegación "2. a." de la misma expuso: *"Se niega el párrafo 2a de la Demanda, puesto que debido a las distintas fechas de empleo de los demandantes, las cuales no coinciden con las alegadas en el Anejo 'A', no es posible identificar a qué 'fechas relevantes' se refiere la alegación"*.

Syntex levantó como defensas afirmativas, entre otras, que los demandantes fueron compensados por los servicios prestados conforme a la ley y reglamentos aplicables; que no se les debía suma de dinero alguna; y además defensas de incuria, cosa juzgada, transacción, y prescripción.

En **25 de noviembre de 1996**, el Tribunal de Primera Instancia emitió una Orden para que Syntex preservara los expedientes de nómina y jornales, correspondientes a las reclamaciones de los demandantes. Dichos documentos fueron trasladados de la planta de Syntex a las oficinas del Bufete Schuster, Usera, Aguiló

& Santiago, donde estarían disponibles para inspección, tan pronto lo ordenara así el Tribunal. A tenor con la orden de preservación de evidencia, se recopilaron los expedientes de nóminas, incluyendo los registros de entrada y salida para todos los demandantes, durante el período comprendido desde 1986 hasta el año de presentación de la demanda, o sea, 1996.

### ii. La primera demanda enmendada.

En **8 de julio de 1998**, transcurridos dos años de la presentación de la demanda original, los demandantes presentaron su *primera demanda enmendada*, a los efectos de incluir más empleados que, alegadamente, contaban con las mismas reclamaciones que Olga M. Rodríguez Rosado y los otros "*quinientos*" ■ empleados, que originalmente eran diecinueve (19). Se figuraron los 15 demandantes originales en el "*ANEJO A*", que figura en la demanda original, y los sesenta (60) nuevos reclamantes fueron incluidos en un nuevo "*ANEJO A-1*". (Páginas 49 a al 59 de Apéndice del recurso.)

Cincuenta y tres (53) de estos reclamantes ofrecen su fecha de cese en el empleo el año 1997, por lo que al presentarse sus reclamaciones en julio de 1998, éstas están a tiempo, no prescritas.

Cuatro de las reclamaciones están prescritas, "*Camuas*" (sic) o Camuñas Osorio, cesó en 1994; Castro Cruz en 1994; Díaz Sánchez en 1993; Serrano Maldonado en 1994 y Delgado Flores, en 1992. Estos trabajadores tenían tres años para presentar su reclamación, y no lo hicieron. Sus reclamaciones presentadas fuera de tiempo, no se retrotraen a la fecha de presentación de la demanda original.

Castro Rodríguez Nelson y Santiago Montañez ofrecen como fecha de cese en su empleo, el año 1985, y sus casos dependerán de si el mes y día en que cesaron, fue después del **8 de julio de 1995**, dentro de los tres años anteriores a su reclamación.

Por otro lado, aun cuando los documentos ordenados a producirse en **25 de noviembre de 1996**, estuvieron listos desde noviembre de 1996, los demandantes comenzaron la inspección de los mismos en **13 de octubre de 1998**, transcurridos dos años de estar disponibles los documentos. En dicha fecha, los demandantes notificaron a Syntex un documento intitulado *"Primer Requerimiento de Admisiones y de Producción de Documentos e Interrogatorios"*. (Apéndice, págs. 60-90)

Syntex se opuso al requerimiento de producción de documentos. Argumentó que, anteriormente, el Tribunal de Primera Instancia había paralizado el descubrimiento de prueba hasta tanto se dilucidara la controversia en cuanto a la tramitación del pleito como uno de clase. Se fundamentó en que, al no saberse si el pleito habría de certificarse o no, Syntex no estaba en posición de conocer a cuáles personas se estaría conduciendo el descubrimiento de prueba, pues no conocía quiénes eran los "*quinientos*" demandantes en el caso.

### iii. Segunda demanda enmendada.

Nuevamente, en **7 de diciembre de 1998**, los demandantes enmendaron la demanda por segunda vez. *Mediante la misma, desistieron de tramitar el pleito como uno de clase, y adicionaron cinco (5) nuevos reclamantes*. Prosiguieron el pleito con una acción de acumulación al amparo del Art. 13 de la Ley Núm. 379 de 15 de mayo de 1948, 29 L.P.R.A. § 282, y la Ley Núm. 96 de 1956, 29 L.P.R.A. sec. 246 (b) (b).

En esta segunda demanda enmendada, **tercer** pliego de reclamaciones, se figuran en un "*ANEJO A*", los quince (15) reclamantes originales; en un ANEJO A-1; los sesenta (60) adicionales antes incluidos, y un nuevo ANEJO A-2, en el que se incluyen cinco (5) demandantes adicionales, para un total de ochenta (80) reclamantes.

Cuatro (4) de estos últimos reclamantes, ofrecen como fecha del cese en su empleo el año 1996, y sólo uno ofrece el año 1997.

De otra parte, los demandantes comenzaron la inspección de documentos según ordenado por el Tribunal. Syntex mantuvo los referidos documentos en una oficina habilitada para ser inspeccionados. Debido a esto, Syntex incurrió en gastos de servicios paralegales y alquiler de oficina. Llegado el mes de **abril de 2000,** y ante el hecho de que la inspección llevaba once (11) meses de forma inconsistente, y los gastos eran onerosos, Syntex solicitó a los demandantes que le notificaran la fecha cierta para la cual terminarían la referida inspección. *Los demandantes no anunciaron fecha alguna.* En vista de ello, mediante carta fechada en 13 de abril de 2000, Syntex notificó a los demandantes que *a partir de las 5:00 p.m. del 14 de abril de 2000, terminaría todo acceso a los expedientes de nómina.*

Syntex solicitó del Tribunal de Primera Instancia que citara a las partes para una vista con el propósito de dilucidar las razones por las cuales la inspección se había extendido, y para que estableciera un término para su conclusión. (Páginas 125 a la 129 del Apéndice.) La parte demandante se opuso a dicha solicitud.

La vista solicitada por Syntex se celebró el 29 de junio de 2000. *Por estipulación de las partes, se acordó que los demandantes terminarían el proceso de inspección de los documentos producidos por Syntex en un término de noventa (90) días.*

Así las cosas, en **1 de septiembre de 2000,** los demandantes solicitaron una orden de producción, para que Syntex produjera los expedientes de nómina y las hojas de asistencias de los demandantes para un período posterior a la presentación de la demanda original. Alegaron que dicha producción "...*es verdaderamente necesaria, ya que muchos de los demandantes continuaron trabajando para las demandadas Syntex de Puerto Rico, Inc., y Syntex (F.P.), Inc., con posterioridad a la radicación de la demanda inicial, y de hecho, muchos se acumularon en enmiendas subsiguientes...*". (Páginas 156 a la 161 del Apéndice.)

Además, los demandantes solicitaron que se le permitiera reproducir todos los expedientes que ya habían estado inspeccionando por más de un año. La parte demandante fundamentó su solicitud en que, en las enmiendas a la demanda original, había incluido el período posterior al 21 de agosto de 1996, por razón de que había alegado que los demandantes trabajaban para Syntex en la actualidad. (Página 157 del Apéndice.)

Syntex se opuso a dicha solicitud mediante moción presentada en 7 de septiembre de 2000. En la misma, Syntex argumentó que la Ley Núm. 96 de 26 de junio de 1956, 29 L.P.R.A. §211 *et seq.,* al amparo de la cual reclamaron los demandantes, limitaba a diez (10) años el período por el cual se pueden reclamar salarios. Por consiguiente, cualquier descubrimiento relacionado con períodos posteriores a la presentación de la demanda original sería impertinente. Finalmente, indicó Syntex que, de interesar recobrar salarios correspondientes al período posterior a agosto de 1996, *lo que procedía era la presentación de una nueva demanda que cubriera dicho período.* (Apéndice, págs. 162-166)

Sin embargo, mediante Orden emitida en **8 de septiembre de 2000,** el Tribunal de Primera Instancia ordenó: (1) la producción de los documentos solicitados, los cuales se extendían a un período posterior a la fecha de presentación de la demanda original, y (2) además, ordenó poner a la disposición de los demandantes, para su reproducción, la totalidad de los documentos que ya habían sido objeto de inspección por los demandantes.

Inconforme, Syntex acudió ante este foro apelativo mediante recurso de *certiorari,* y le señaló al Tribunal de Primera Instancia los siguientes errores:

*"PRIMER SEÑALAMIENTO DE ERROR*

*Erró el Honorable Tribunal de Primera Instancia al concluir que procede el descubrimiento de documentos de nóminas y asistencias de los demandantes correspondientes al período posterior a la presentación de la demanda original el 21 de agosto de 1996.*

*SEGUNDO SEÑALAMIENTO DE ERROR*

*Erró el Honorable Tribunal de Primera Instancia al ordenar que se hagan disponibles a la parte demandante para su reproducción los documentos de nómina, tarjetas de asistencia y expedientes de personal correspondiente a aproximadamente 75 reclamantes por un período de trece (13) años."*

Además, Syntex nos solicitó la paralización del descubrimiento de prueba hasta tanto tuviéramos la oportunidad de expresarnos en torno a su petición, a lo que accedimos. Con el beneficio de la comparecencia de la parte demandante, nos encontramos en posición de resolver.

Definitivamente, el tribunal de Primera Instancia incidió, al permitir en forma genérica el descubrimiento de prueba, omitiendo establecer los parámetros de ese proceso de descubrimiento, como procede en derecho.

## II. El derecho aplicable.

Determinamos que ambos errores se cometieron, *en primer lugar,* el Tribunal de Primera Instancia autorizó el descubrir prueba sobre materia que resulta excluida del ámbito de descubrimiento por prescripción clara del estatuto que autoriza la reclamación, y en *segundo lugar,* el tribunal ha permitido en este caso un abuso del derecho a descubrir prueba en un caso.

Veamos los errores invocados por separado.

Erró el Honorable Tribunal de Primera Instancia al concluir que procede el descubrimiento de documentos de nóminas y asistencias de los demandantes correspondientes al período posterior a la presentación de la demanda original el 21 de agosto de 1996.

Resolvemos que este error se cometió, por el Tribunal recurrido, cuando ordenó a Syntex permitir examen de documentos en forma genérica, obviando las limitaciones que establece el estatuto sustantivo que acoge las reclamaciones de los trabajadores demandantes.

De entrada, establecemos que ninguna de las dos partes, los demandantes y el patrono Syntex, han esgrimido argumentos enteramente correctos ante Instancia y ante nos, respecto a los derechos que le cobijan en sus respectivas posiciones.

En otras palabras, el Tribunal recurrido no le podía dar todo lo que los trabajadores solicitaron, ni negarles a éstos todo lo que el patrono Syntex solicitó que se les niegue. El asunto parece complicado, pero no lo es, y lo resolveremos inmediatamente.

Piden los abogados de los trabajadores que se les permita descubrir prueba en el caso de algunos trabajadores hasta que se celebre el juicio en 2002, y no tienen razón.

Pide el patrono Syntex que se limite el descubrimiento de prueba a la fecha en que se presentó la demanda original, en 27 de agosto de 1996, para todos los trabajadores, y no tiene razón.

En el caso se consolidan reclamaciones bajo dos fundamentos distintos, habiéndose acumulado empleados que cesaron en su empleo antes de la presentación de la demanda, con empleados que aún trabajaban para el patrono, luego de presentarse la demanda original.

Lo que realmente cuestiona Syntex en este error, es si procede el descubrimiento de prueba en tiempo posterior respecto a empleados que instaron reclamaciones siendo aún empleados del patrono Syntex, más allá de la fecha en que el empleado instó su reclamación. **Todos los empleados en esta categoría figuran en la demanda original, no figurando ninguno en las dos enmiendas a la demanda original.**

Como veremos, los empleados que trabajaban aún para el patrono Syntex, podrían retrotraer su reclamación diez (10) años para atrás partiendo del día en que entraron al pleito como partes reclamantes, lo que ocurrió en 27 de agosto de 1996.

Esa es la clara intención de la Legislatura de Puerto Rico cuando se aprueba la Ley Núm. 96 de 26 de junio de 1956, 29 L.P.R.A. § 246 d inciso (a) y (c), ley que estaba vigente y ampara las reclamaciones de los trabajadores en el presente caso, y establece ciertas limitaciones.

Respecto a los empleados que habían cesado en el empleo cuando se presenta la demanda, la reclamación se retrotrae a diez (10) años anteriores al momento en que el empleado cesó en el empleo.

Vemos entonces que el conflicto lo crea el hecho de que el ámbito del descubrimiento de prueba es distinto para las dos categorías de empleados. Pero el conflicto se puede solucionar si las partes brindan su cooperación al Tribunal para delimitar el descubrimiento en uno y otro caso. Veamos el estatuto rector de las acciones.

Dispone la Ley Núm. 96, según enmendada, en su Sección 32, 29 L.P.R.A. § 246 (d):

*"(a) Por el transcurso de tres (3) años prescribirá la acción en reclamación de salarios que pueda tener un empleado contra su patrono al amparo de (la Ley de Salario Mínimo) de los decretos mandatorios ya aprobados o que se aprueben de acuerdo con sus disposiciones, de las órdenes promulgadas por la Junta o al amparo de cualquier contrato o ley. Para la prescripción de esta acción, se contará desde que el empleado cesó en su empleo con el patrono. El término de prescripción antes indicado se interrumpirá y comenzará a transcurrir de nuevo por la reclamación de la deuda de salario al patrono, judicial o extra-judicialmente, por el obrero, su representante o funcionario del departamento con facultad para ello y por cualquier acto de reconocimiento de la deuda por el patrono.*

*(b) Cuando el empleado estuviere trabajando con el patrono, la reclamación solamente incluirá los salarios a que tuviere derecho el empleado, por cualquier concepto, durante los últimos diez (10) años anteriores a la fecha en que estableciere la acción judicial.*

*(c) En el caso de que el empleado hubiere cesado en su empleo con el patrono, la reclamación solamente incluirá los últimos diez (10) años anteriores a la fecha de sus cesantía."*

Este estatuto fue derogado por la Ley Núm. 180, de 27 de julio de 1998, la cual aplica a las acciones que se presenten luego de transcurrido un año de la vigencia de la ley, o sea, pasado el **27 de julio de 1999.**

Bajo la Ley Núm. 180, el período de prescripción de las reclamaciones es de dos (2) años, a partir de que el empleado cesó en el empleo con el patrono demandado, y sólo se extiende la reclamación a los últimos tres (3) años, no a diez (10) años.

Siendo evidente que todas las reclamaciones, la original y las adicionadas mediante demanda enmendada,

se presentaron antes del día **27 de julio de 1999**, todas caen bajo el amparo de la ley anterior, la Ley Núm. 96 de 1956, según enmendada, con un período de prescripción de tres (3) años, y la reclamación se puede extender a diez (10) años anteriores al cese del empleado.

### iv. La diferencia fundamental en las reclamaciones.

Como antes indicamos, en la demanda original presentada en 27 de julio de 1996, se presentó un listado de empleados llamado ANEJO A, en que figuran 15 empleados de dos categorías distintas; en la primera demanda enmendada presentada en 8 de julio de 1998, se adicionan 60 empleados que habían cesado en su empleo previo al momento de demandar; y en la segunda demanda enmendada presentada en 7 de diciembre de 1998, se adicionan, 5 empleados que habían cesado en su empleo, previo al momento de demandar.

El análisis se simplifica si incluimos todos los reclamantes en dos categorías específicas.

## PRIMERA CATEGORIA.

La primera categoría de empleados comprende aquellos diez (10) empleados que estaban trabajando para su patrono Syntex, en la fecha en que se presentó su reclamación, en la demanda original.

El empleado que figura en esta categoría, conforme el inciso (b) citado antes, tiene derecho a reclamar los salarios y beneficios que la ley le concede, y que le hayan sido negados por su patrono, durante los diez (10) años anteriores a la presentación de su reclamación, y hasta la fecha en que se presentó la demanda, o sea a partir del **27 de agosto de 1986,** y hasta el **27 de agosto de 1996,** inclusive. Son éstos, Arroyo Román, De Jesús Laboy, Félix Ortiz Lebrón, López Peña, Méndez Rivera, Molina (quien aparece dos veces en el listado), Peña Flores, Rodríguez Roque y Rodríguez Velázquez.

Como parte de su reclamación en **esta** demanda, no tienen derecho a descubrir prueba sobre **ningún día** posterior al 27 de agosto de 1996.

Su reclamación posterior a esa fecha puede ser reclamada en otra demanda distinta, pero no en ésta, como explicamos más adelante.

Para estos empleados, la fecha final para su proceso de descubrimiento de prueba terminó el día 27 de agosto de 1996, en el caso que ahora consideramos.

## SEGUNDA CATEGORIA.

En esta categoría figuran los empleados que habían cesado en su trabajo en el momento en que instan su reclamación contra su patrono.

En este caso, tenemos tres fechas.

**UNO,** los cinco (5) que figuran en la demanda original, que habían **cesado** en su empleo antes de la presentación de su reclamación la demanda, y pueden descubrir prueba retroactivamente por diez (10) años a la fecha del cese en su empleo. Son éstos, Carrasco Colón, Flores Medina, Rodríguez Rosado, Serrano Maldonado y Torres González.

La fecha clave (*"cut off date"*) para poder ser incluido en la demanda original, aquéllos que cesaron en el empleo antes de la misma, es el **27 de agosto de 1993,** para los que figuran en la demanda original.

Las acciones de empleados que cesaron en el empleo antes de esa fecha, estarían prescritas, a menos que el empleado pueda demostrar que interrumpió la prescripción, en la forma como disponía la sección 246 (d), del titulo 29 de L.P.R.A.

El punto de referencia para cada uno de estos empleados es **el último día que trabajó para su patrono,** y el primer día de su reclamación es el día comprendido en los diez (10) años anteriores a su reclamación. NINGUNO de estos empleados tiene derecho a descubrir prueba de un sólo día posterior a que cesó en su empleo, y sólo la prueba correspondiente a diez (10) años anteriores al cese en el empleo.

**DOS,** los sesenta (60) que figuran en el ANEJO A-1, de la **primera demanda enmendada** presentada en **8 de julio de 1998,** los cuales habían cesado en su empleo con Syntex, en el momento de instar sus reclamaciones, pueden descubrir prueba desde que cesaron en su empleo, retroactivo a los diez (10) años anteriores. La gran mayoría de estos empleados, cincuenta y tres (53) de ellos, cesaron en su empleo en el año 1997, por lo que no existe impedimento para que éstos descubran prueba **hasta el año 1997,** o sea, contrario a lo que alega Syntex, hasta la fecha precisa en que cada uno cesó en su empleo. Como veremos, las reclamaciones de estos empleados no se retrotraen al año 1996, en que se presenta la demanda original, cada acción individualmente parte del momento del cese en su empleo.

**TRES,** los cinco (5) que figuran en el ANEJO A-2, de la **segunda demanda enmendada** presentada en **7 de diciembre de 1998,** los cuales habían cesado en su empleo con Syntex, en el momento de instar sus reclamaciones, pueden descubrir prueba desde que cesaron en su empleo, retroactivo a los diez (10) años anteriores. Cuatro de éstos cesaron en el 1996, y uno cesó en 1997, por lo que no existe impedimento para que este último descubra prueba hasta el año 1997. Las reclamaciones de estos empleados tampoco se retrotraen al año 1996, en que se presenta la demanda original, cada acción individualmente arranca del momento del cese en su empleo.

## I. El derecho aplicable.

### i. Aplicación de la Ley Núm. 96, de 1956.

Como parte de nuestro análisis de los hechos, hemos dejado expresado y aclarado los parámetros de la extensión de la causa de acción de cada empleado que figura en la demanda vigente, la segunda demanda enmendada, conforme lo establece la Ley Núm. 96 de 1956, según ésta fuera enmendada hasta ser derogada por la Ley Núm. 180 de 1998.

Nos queda aclarar el punto que trajo el conflicto entre las partes y que generó el presente recurso. Se trata del pedido sobre que las reclamaciones que se presentaron posterior al año 1996, en que se presenta la demanda original, las contenidas en las enmiendas de 8 de julio de 1998, y en 7 de diciembre de 1998, en que la parte demandada reclama que se retrotraen a la demanda original. Ello no procede, como veremos.

### ii. Inaplicabilidad de la Regla 13 de Proc. Civil.

De esta manera, el primer señalamiento de error versa sobre la aplicación de la Regla 13 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 13, y sobre cuándo un tribunal puede conceder enmiendas a las alegaciones. La Regla 13.1 dispone lo siguiente:

*"Cualquier parte podrá enmendar sus alegaciones una vez en cualquier momento antes de habérsele notificado una alegación respondiente, o si su alegación es de las que no admiten alegación respondiente y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. En cualquier otro caso, las partes podrán enmendar su alegación*

*únicamente con permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; y el permiso se concederá liberalmente cuando la justicia así lo requiera. Una parte notificará su contestación a una alegación enmendada dentro del tiempo que le restare para contestar la alegación original o dentro de veinte (20) días de notificársele la alegación enmendada, cualquiera de estos plazos que fuere más largo, a menos que el tribunal de otro modo lo ordenare."*

Como se puede colegir del precepto que antecede, en el caso de autos, la enmienda a las alegaciones requería del permiso del tribunal. Lo anterior, por razón de que la demanda original ya había sido contestada. Las reglas procesales le conceden al tribunal de instancia amplia discreción para acceder a las solicitudes de enmiendas a la demanda. Las alegaciones de la demanda enmendada se examinarán liberalmente y de la manera más favorable para la codemandante. Únicamente, se desestimará la acción si el promovente demuestra que la codemandante no tiene derecho a remedio alguno bajo cualquier hecho que pueda probar durante el juicio.

Pero contrario a las pretensiones de Syntex, en cuanto a la retroactividad de la Regla 13, no aplica a las reclamaciones en el presente caso, porque prevalece el derecho sustantivo de la Ley 96, sobre las prescripciones de dicha Regla 13.

Las acciones de los empleados en todas las ochenta (80) reclamaciones contenidas en la **segunda demanda enmendada**, están predicadas en los derechos sustantivos que le garantiza a los trabajadores la Ley Núm. 379, de 15 de mayo de 1948, conocida como la Ley de Horas y Salarios de Puerto Rico.

Luego, la Ley Núm. 96 de 26 de junio de 1956 crea la Junta de Salario Mínimo, para establecer el salario mínimo en Puerto Rico, y establece el plazo de prescripción de las acciones del trabajador contra su patrono, y a la vez delimita el período de la reclamación del trabajador, como hemos analizado antes. Esta fijación del plazo de prescripción para demandar al patrono, así como la extensión del término de la reclamación a diez (10) años, son derechos sustantivos del trabajador.

En *Piñero v. A.A.A.,* 146 D.P.R. 890, el Tribunal Supremo tuvo que analizar la aplicabilidad del procedimiento sumario en salarios de la Ley Núm. 2 de octubre de 1961, e indicó que la Ley 2 es un estatuto *"estrictamente de procedimiento"*, y que *"...para delimitar su ámbito de aplicación hay que recurrir a las leyes especiales que establecen el derecho sustantivo de los empleados...".*

Las acciones de los empleados en el caso que ahora consideramos, se persiguen mediante el proceso ordinario que establecen las Reglas de Procedimiento Civil de 1979, pero el principio establecido en *Piñero v. AAA, supra*, aplica del mismo modo.

Por lo tanto, las Reglas de Procedimiento Civil son aplicables, siempre que no lesionen los derechos sustantivos que las leyes laborales conceden a los trabajadores.

La Sección 6 del Artículo V de la Constitución de Puerto Rico, que establece el Poder Judicial, establece el siguiente principio:

*"El Tribunal Supremo adoptará, para los tribunales, reglas de evidencia y de procedimiento civil y criminal, que no menoscaben, amplíen o modifiquen derechos sustantivos de las partes.*

*. . .".*

Por lo tanto, debemos examinar qué efecto tuvieron las enmiendas a la demanda, para luego poder delimitar el descubrimiento de prueba, según las normas procesales.

En este caso, cuando la parte demandante presentó la demanda original, reclamó salarios *"hasta el presente"* según la tabla del *"ANEJO A"*, en el caso de los diez trabajadores, que incluimos en la Primera Categoría, *supra*. De esta manera, su reclamación llegaba hasta la fecha de presentación de la demanda. Posteriormente, la parte demandante advino en conocimiento de otros empleados que alegadamente tenían las mismas reclamaciones que los empleados incluidos en la demanda original; sin embargo, sus reclamaciones se extendían a fechas posteriores a la presentación de la demanda, porque habían estado trabajando, según ellos, hasta el 1997.

La Regla 13.3 de las de Procedimiento Civil, *supra*, explica la retroactividad de las enmiendas; veamos:

*"Siempre que la reclamación o defensa expuesta en la alegación enmendada surgiere de la conducta, acto, omisión o evento expuesto en la alegación original, las enmiendas se retrotraerán a la fecha de la alegación original. Una enmienda para sustituir la parte contra la cual se reclama, se retrotraerá a la fecha de la alegación original si, en adición a cumplirse con el requisito anterior, y dentro del término prescriptivo la parte que se trae mediante enmienda: (1) tuvo conocimiento de la causa de acción pendiente, de tal suerte que no resulta impedido de defenderse en los méritos, y (2) de no haber sido por error en cuanto a la identidad del verdadero responsable, la acción se hubiera instituido originalmente en su contra."*

En este aspecto de la inclusión de las reclamaciones para enmendar y ampliar la demanda original, la Regla 13 no conflige con el principio establecido en la Sección 30 de la Ley Núm. 96 de 1956, inciso (b), 29 L.P.R.A. sec. 246 (b), que permite que: *"[p]odrán acumularse en una sola acción las reclamaciones que tuvieren varios o todos los trabajadores o empleados contra un patrono común por trabajos realizados en el mismo establecimiento, empresa o sitio."*

A lo anterior, debe añadirse que la derogada Ley de Salario Mínimo estableció diferencias para los reclamantes que aún trabajaban con sus patronos, y para los que ya habían cesado su empleo. Explicamos. El empleado que ya había cesado en su empleo, podía reclamar los salarios adeudados correspondientes a los últimos diez (10) años de su empleo, anteriores a la fecha de su cesantía. No obstante, el período para poder reclamar dichos salarios prescribía a los tres años, computados desde que cesó en su empleo. Ley de Salario Mínimo de Puerto Rico, Ley Núm. 96 de 26 de junio de 1956, 29 L.P.R.A. § 246 d inciso (a) y (c). De otro modo, la reclamación del empleado que continuaba trabajando para el patrono demandado, sólo podría retrotraerse a los últimos diez (10) años anteriores a la fecha en que se estableciere la acción judicial. *Supra*, § 246 d inciso (b).

Actualmente, la nueva Ley de Salario Mínimo, Ley Núm. 180 de 27 de julio de 1998, sólo permite reclamar los salarios de los últimos tres (3) años anteriores a la fecha en que se estableciere la acción judicial, en vez de los últimos diez años. Por lo tanto, el período de reclamación retroactivo es menor, tanto para los empleados que aún laboran con su patrono como para los que ya han cesado sus funciones. También, el término prescriptivo para ejercer la reclamación de los empleados que hayan cesado sus funciones se redujo de tres años a dos (2) años. Aunque esta ley entró en vigor en 27 de julio de 1998 (según el artículo 18 de la misma), no aplica al caso de autos porque así lo dispone su artículo 12 inciso (e), *supra,* cuando indica:

*"Lo dispuesto en este artículo en nada afectará los casos ya radicados en los tribunales, o que se radique dentro de un (1) año después de entrar en vigor esta Ley".*

De esta manera, podemos concluir que el período de descubrimiento de prueba del caso que nos ocupa corresponde al de la antigua Ley de Salario Mínimo, *supra*, o sea que, la reclamación cubre diez (10) años.

Según la parte demandante, las enmiendas a la demanda tuvieron el efecto de extender la reclamación porque: *"la reclamación de los demandantes que continúan trabajando para Syntex luego de la radicación de la demanda inicial, no se funda en transacciones eventos o hechos ocurridos con posterioridad a la radicación*

*de la demanda inicial, sino en la continuación del mismo patrón de violaciones a las leyes laborales y a los derechos de los demandantes por su patrono dentro de la misma relación contractual".* (Páginas 3 a la 4 del escrito en *"Oposición a Solicitud de Certiorari".*)

Los demandantes no tienen razón. Como tenemos dicho, lo dispuesto en la Regla 13 de Procedimiento Civil no puede controvertir los derechos sustantivos de los trabajadores y, a su vez, de los patronos, establecidos en la referida, tantas veces, Ley Núm. 96.

Esta ley se creó para garantizar unos derechos de los trabajadores, no para estrangular a los patronos. El Legislador estableció en aquella Ley 96, un período de diez (10) años para una reclamación de un trabajador, no reclamaciones al infinito. Hoy, la reclamación se limita a sólo tres (3) años.

Lo que pretenden los empleados es insostenible. Pretenden el supuesto de que la reclamación de un empleado que llevaba diez (10) años trabajando con Syntex, para el año 1996, y se encuentra hoy aún trabajando con la firma, se extienda retroactivamente hasta el año 1986, y siga vigente hasta el año 2002, dieciséis años. Ello es impermisible.

El empleado que se encuentre en ese supuesto, no está impedido de presentar, **hoy**, una nueva reclamación en un pleito independiente, para reclamar tres (3) años para atrás como lo permite hoy la Ley Núm. 180, *supra*.

*"SEGUNDO SEÑALAMIENTO DE ERROR*

*Erró el Honorable Tribunal de Primera Instancia al ordenar que se hagan disponibles a la parte demandante para su reproducción los documentos de nómina, tarjetas de asistencia y expedientes de personal correspondiente a aproximadamente 75 reclamantes por un período de trece (13) años."*

### iv. Sobre el alcance del descubrimiento de prueba.

La finalidad del descubrimiento de prueba es precisar esas cuestiones en controversia; se trata de un mecanismo auxiliar a las alegaciones que facilita la consecución de evidencia y la búsqueda de la verdad, evita las sorpresas en el juicio y perpetúa la prueba. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* San Juan, Michie of Puerto Rico, Inc., 1997, §2802, pág. 220.

La Regla 23 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 23, prescribe los aspectos generales sobre el descubrimiento de prueba, en los procedimientos anteriores al juicio. Sobre este particular, la mencionada Regla 23, en su inciso 1(a), 32 L.P.R.A. Ap. III, dispone:

*"(a) En general. Las partes podrán hacer descubrimiento de prueba sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya que se refiera a la reclamación o defensa de cualquier otra parte, incluyendo su existencia, descripción de cualquiera libros, documentos u otros objetos tangibles y la identidad y dirección de persona que conozca hechos pertinentes. No constituirá objeción el que la información solicitada sea admisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible."*

Del citado precepto legal se desprende el principio de que el ámbito del descubrimiento de prueba debe ser amplio y liberal, aun cuando reconoce dos limitaciones: a) que la información solicitada no sea materia privilegiada, y b) que la misma sea pertinente al asunto en controversia. *Alfonso Brú v. Trane Export, Inc., supra; General Electric v. Concessionaries,* 118 D.P.R. 32, 38, 39 (1986); *Rivera Alejandro v. Algarín,* 112 D. P.R. 830, 833 (1982); *Sierra v. Tribunal Superior,* 81 D.P.R. 554, 572-573 (1959).

Acorde con los principios antes esbozados, el Tribunal de Primera Instancia viene obligado a cumplir con la máxima de llevar a cabo un proceso justo para las partes, asumiendo un rol activo en el mismo, y como tal, tiene discreción para limitar o extender el alcance para descubrir prueba. Como norma general, también tiene el tribunal poderes específicos de supervisión a través de los mecanismos particulares de descubrimiento de prueba y el poder para sancionar a la parte que es compelida y se rehúsa a cumplir las órdenes dirigidas a descubrir prueba. Regla 34.2 de Procedimiento Civil, *supra; Granados v. Rodríguez Estrada II*, 124 D.P.R. 593 (1989); *Dávila v. Hospital San Miguel Inc.*, 117 D.P.R. 807 (1986).

Al ejercer su discreción de prolongar o acortar el término para realizar el descubrimiento de prueba, el tribunal deberá hacer un balance entre dos intereses de gran importancia para el adecuado desenvolvimiento de la labor de impartir justicia a través del sistema judicial: de una parte deberá garantizar la pronta solución de las controversias, y de otra, velar porque las partes tengan la oportunidad de llevar a cabo un amplio descubrimiento, de forma tal que en la vista en su fondo no surjan sorpresas. Al realizar esta delicada labor deberá tener presente que un amplio y liberal descubrimiento de prueba es *"la médula del esfuerzo de destruir de una vez y para siempre la deportiva teoría de justicia"* que tanto mina la fe del pueblo en el sistema judicial. *Ades v. Zalman*, 115 D.P.R. 114 (1984); *Rivera Alejandro v. Algarín, supra; Sierra v. Tribunal Superior, supra; Shell Co. (P.R.) Ltd. v. Tribunal de Distrito, supra.*

En Puerto Rico impera, en el procedimiento civil, un esquema de descubrimiento de prueba liberal que fomenta la mayor flexibilidad y cooperación entre las partes. *"Un sistema liberal de descubrimiento de prueba antes del juicio facilita la tramitación de los pleitos y evita inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio"*. *Alfonso Brú v. Trane Export, Inc., supra; Sierra v. Tribunal Superior, supra.* Bien utilizado, el descubrimiento de prueba acelera los procedimientos, propicia las transacciones y evita sorpresas indeseables en el juicio. *Lluch v. España Service Sta., supra*, págs. 742-743; *Hartman v. Tribunal Superior*, 98 D.P.R. 124, 135 (1969); *Sierra v. Tribunal Superior, supra; Shell Co. (P.R.) Ltd. v. Tribunal de Distrito, supra.*

**v. Limitaciones al descubrimiento de prueba.**

No empece a lo amplio y liberal que debe ser el descubrimiento de prueba, el mismo tiene sus limitaciones y restricciones. Este no debe ser perturbador, hostil, opresivo o que cause gastos o molestias indebidas. Tampoco debe ser patente de corso para descubrir de forma indiscriminada todo lo deseado por el promovente. 32 L.P.R.A. Ap. III, R. 23.2. Para evitar lo anterior, el tribunal puede emitir órdenes protectoras que van desde restringir o limitar el descubrimiento hasta suprimirlo del todo. *Alfonso Brú v. Trane Export, Inc., supra; Valentín González v. Crespo Torres*, __ D.P.R. __ (1998), **98 J.T.S. 84**, a la pág. 1238, opinión de 26 de junio de 1998; *Medina v. Merck, Sharp & Dohme*, 135 D.P.R. 716 (1994).

En su monografía publicada en The Practical Litigator, Vol. 2 Núm. 4, de julio de 1991, nos indica Guy O. Kornblum sobre el abuso del descubrimiento, lo que indicamos, en el idioma Inglés, porque contiene ciertas frases idiomáticas imposibles de traducir.

*"It is my guess that only a small percentage of cases involve flagrant, ongoing discovery abuses. However, I also believe that abuses arise in a high number of cases. The most common abuses are excessive discovery, stonewalling tactics, inappropriate or superfluous interrogatories or requests, evasive responses, overly broad and massive requests for documents production, and partial disclosure.*

*See ReMine & Gilbert, Discovery: Abuses, Sanctions and Ethical Concerns, 23 Trial, 53-57 (Jan 1987); see also, Jaffe v. Grant, 793 F.2d 1182, 1189 (11th Cir. 1986), cert denied, 480 U.S. 931 (1987).*

*All of these practices burden the litigation system and the courts when they are called in to resolve the*

*attendant disputes. Again, the client and the public pay -sometimes dearly- for all this useless and misdirected effort."*

En el presente caso, los demandantes solicitaron y obtuvieron del Tribunal *a quo* que se dispusieran los expedientes de los empleados en el mes de noviembre de 1996, pero los demandantes no comenzaron su examen de los expedientes así dispuestos, hasta transcurridos dos años, en octubre de 1998. Las Reglas de Procedimiento establecen un período de sesenta (60) días para el descubrimiento, y se comprende que este término no es suficiente cuando se trata de ochenta reclamantes. Pero entre noviembre de 1996, hasta junio de 1998, se trataba de sólo quince (15) reclamantes, ya que se adicionaron sesenta (60) en 8 de julio de 1998. Esto constituyó un abuso del proceso de parte de los demandantes, como lo fue el exigir que se permitiese el descubrimiento de prueba hasta el año 2000. Se trata de abogados en el campo laboral que saben muy bien cuáles son las limitaciones al descubrimiento.

El Tribunal de Primera Instancia no debe permitir que se efectúe descubrimiento alguno para aquellos primeros quince (15) empleados, pues dos años fue un plazo sumamente exagerado.

Respecto a los sesenta (60) que se unieron al pleito en 8 de julio de 1998, y los cinco que se unieron en 7 de diciembre de 1998, el tribunal concederá únicamente un plazo improrrogable de sesenta (60) días para completar el descubrimiento, y debe señalar el presente caso para juicio a la mayor brevedad posible, luego del período de descubrimiento de prueba.

Nos preocupa que el patrono Syntex tenga que poner a la disposición de los *abogados de los demandantes*, los expedientes de los ochenta empleados envueltos en el caso para ser fotocopiados, y que éstos deleguen la labor en una firma de contadores que no son parte en el pleito, no se les ha exigido una fianza que garantice la integridad de los documentos, ni están constreñidos por unos cánones de ética como estamos los abogados, quienes le respondemos *directamente* a los tribunales por la pérdida, desaparición o deterioro de la evidencia que se nos confíe. El tribunal de instancia no permitirá que los expedientes sean examinados por personas ajenas a la controversia, a menos que esté presente **en todo momento**, uno de los abogados del bufete que conduce el caso por los demandantes.

Si bien es cierto que no hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, dicha norma no es inflexible, por lo que cuando se demuestre que éste: (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, ó (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, habremos de intervenir con las mismas. *Rivera Durán v. Banco Popular*, __ D.P.R. __ (2000), **2000 J.T.S. 156**, opinión de 2 de octubre de 2000, a la pág. 175. Tomando estas consideraciones como norte, atendemos los méritos del recurso.

Aplicando los fundamentos anteriores al caso ante nuestra consideración, y en aras de conducir el presente caso que data de 1996 a su final, se dicta sentencia para revocar la ORDEN que dictara el Tribunal de Primera Instancia, Sala de Humacao, en 8 de septiembre de 2000, y se dictamina:

*"(a) El descubrimiento de prueba consistente de examinar y fotocopiar los expedientes de los 15 demandantes que figuran en la demanda original, que tuvieron dos años de oportunidad para descubrir prueba, está concluido para los efectos de este pleito.*

*(b) Se concederá un plazo no mayor de sesenta (60) días a los abogados de los (60) demandantes incluidos en la enmienda a la demanda de 8 de julio de 1998, y los cinco (5) incluidos la enmienda del 7 de diciembre de 1998, para examinar y/o fotocopiar, bajo las condiciones que aquí establecemos, los sesenta y cinco (65) expedientes de personal de estos empleados.*

*(c) En ese plazo de sesenta (60) días, ambas partes se pueden someter mutuamente mecanismos de descubrimiento de prueba, respecto a todos los reclamantes incluyendo los quince originales, siempre que su culminación, o sea, la sumisión de las contestaciones en los casos de los interrogatorios, no·excedan de treinta preguntas, ni del plazo de 60 días para ser contestados."*

NOTIFIQUESE.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 2002 DTA 114

**1.** Como veremos, los reclamantes nunca se constituyeron en una CLASE bajo la Regla 20 de Procedimiento Civil.

**2.** Aparecen en el ANEJO dieciséis (16) nombres, pero uno de ellos, Juan A. Molina, está repetido.

**3.** Es una cuestión elemental que de esta fecha depende que la reclamación sea eficaz y oportuna o que esté prescrita.

**4.** Cifra que se ofrece en la demanda, pero que luego se limita a 80 empleados.