# 2006 DTA 28

**TRIBUNAL DE CIRCUITO DE APELACIONES
REGIÓN DE JUDICIAL DE BAYAMÓN**

JULIO JULIA PADRÓ Y OTROS
Apelados

v.

ESTADO LIBRE ASOCIADO DE PUERTO RICO
Apelante

Núm. KLAN-05-01320

RECEIVED
APR 0 7 2006
SERIALS DEPARTMENT
HARVARD LAW SCHOOL LIBRARY

San Juan, Puerto Rico, a 14 de diciembre de 2005

Panel especial integrado por su Presidente, el Juez Arbona Lago,
el Juez Miranda De Hostos y la Juez Pabón Charneco

Pabón Charneco, Jueza Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparece ante nos el Estado Libre Asociado de Puerto Rico, en adelante, el apelante, representado por el Procurador General, solicitando la revisión de una Sentencia, dictada en rebeldía, emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante dicho dictamen, el tribunal *a quo* declaró Con Lugar la Demanda instada por la parte apelada.

Por las razones que se esbozan a continuación, se revoca la Sentencia apelada.

### I

Conforme surge del recurso ante nuestra consideración, esta es la segunda ocasión en que el apelante acude ante este Tribunal por razones similares. En consecuencia, tomamos conocimiento judicial del expediente KLCE-2001-01472 y del cual adoptamos la relación de hechos del caso. De dicho recurso se desprende que el 4 de diciembre de 1997, Julio Juliá Padro, su esposa, Stella Molina y la Sociedad de Bienes Gananciales compuesta por ambos, esta última compareciendo por sí y como dueña y operadora del negocio de juegos electrónicos *Fast Break*, en adelante, los apelados, instaron una demanda sobre daños y perjuicios contra el apelante. En la misma, se alegó que de diez (10) a quince (15) oficiales de la Policía y del Departamento de Hacienda habían participado en varias intervenciones al negocio *Fast Break*, mencionándose en particular las fechas de 9 de octubre de 1997, 14 de octubre de 1997 y 6 de noviembre de 1997. Se planteó que, en dichas fechas, se intervino, además, con los clientes que se encontraban en los predios del negocio. Adujeron que las intervenciones continuaron a pesar de las quejas presentadas a la alta jerarquía de la Policía de Puerto Rico.

En atención a lo anterior, los apelados instaron demanda sobre violación de derechos civiles y daños y perjuicios. En resarcimiento por los daños económicos y emocionales, solicitaron el máximo permitido bajo la Ley Núm. 104 de 29 de junio 1955, según enmendada, conocida como *"Ley de Pleitos Contra el Estado"*, 32 L.P.R.A sec. 3077.

El apelante presentó alegación responsiva el 5 de mayo de 1998. Luego de varios trámites procesales, el 15 de mayo de 2001, el Tribunal de Primera Instancia le anotó la rebeldía al apelante por sus reiterados incumplimientos con las órdenes del Tribunal y su incomparecencia a varias vistas. ■ Dicha anotación fue levantada por el Tribunal de Apelaciones debido a la falta de notificación al apelante de ciertas órdenes. Apuntó este Tribunal:

"...

*En el caso de autos, cuando el Lcdo. Carlos Ruiz Hernández asumió la representación legal del E.L.A., sustituyendo a la anterior abogada, informó al tribunal de instancia que su dirección era: Departamento de Justicia, División de Litigios Generales, Apartado 9020192, San Juan, Puerto Rico 00902-0192. El tribunal declaró con lugar el cambio de representación legal el 3 de agosto de 2000, por lo que las notificaciones de todos los escritos tenían que remitirse a la dirección de record del Lcdo. Ruiz Hernández.*

*Del examen del expediente del Tribunal de Primera Instancia, constatamos que la única dirección suplida por el Lcdo. Ruiz Hernández es la incluida en la moción asumiendo la representación legal del E.L.A. También, pudimos constatar que las minutas de las vistas de 31 de agosto de 2000, 15 de diciembre de 2000 y 16 de febrero de 2001 y la resolución de 23 de marzo de 2001, no fueron notificadas al Lcdo. Ruiz Hernández a la dirección por él suplida. No surge de los autos la razón por la cual la Secretaría del Tribunal de Primera*

*Instancia, Sala Superior de Bayamón, notificó las referidas minutas y resolución a otra dirección, a saber: Valle Arriba Heights, CQ 6 Almendro, Carolina, PR 00983-3433.*

*En resumen, concluimos que la falta de notificación al abogado del E.L.A. de las órdenes incluidas en las minutas y resolución antes referida, constituye un error sustancial que viola el debido proceso de ley al cual tenía derecho el E.L.A. como parte demandada. Por ello, el tribunal a quo no podía tomar en consideración, para la anotación de rebeldía y eliminación de las alegaciones al E.L.A., el alegado incumplimiento con dichas órdenes y señalamientos de vista. Procede, pues, que dejemos sin efecto la resolución del tribunal sobre la anotación de rebeldía y la eliminación de las alegaciones.*

*...".*

En consecuencia, se expidió el auto de *certiorari* solicitado dejándose sin efecto la anotación de rebeldía y la eliminación de las alegaciones del apelante. En vista de lo anterior, continuaron los procedimientos ante el Tribunal de Primera Instancia.

Así las cosas, el 10 de febrero de 2005, el apelante interpuso una *"Moción de Renuncia de Representación Legal"*. A su vez, el 14 de marzo de 2005, presentó una *"Moción Asumiendo Representación Legal"*. Ambos escritos fueron declarados Con Lugar.

Por su parte, los apelados presentaron una *"Moción Informativa"*, el 7 de septiembre de 2004, en la cual informaron al tribunal *a quo* lo siguiente:

*"1. Durante la última vista celebrada en este caso, el Tribunal ordenó a las partes reunirse para estipular hechos, marcar la prueba documental y nos ordenó someter como parte del Informe de Conferencia con Antelación al Juicio un memorando sobre el derecho aplicable. Separamos en nuestros calendarios el 28 de abril de 2004 para efectuar dicha reunión. No obstante, dicha reunión fue cancelada por el Departamento de Justicia por conflictos en su calendario.*

*2. El 23 de agosto de 2004 nos comunicamos telefónicamente con la representante legal del Departamento de Justicia con el objetivo de confirmar nuestra reunión re-coordinada para el 24 de agosto de 2004.*

*3. En dicha conversación, el Departamento de Justicia volvió a cancelar la reunión que habíamos programado para marcar prueba y estipular hechos en el caso de autos, tal y como lo había ordenado el tribunal.*

*4. ...".*

Véase, pág. 24 del Apéndice.

Apuntaron que, ante esta situación, habían sugerido la fecha del 2 de septiembre de 2004, para reunirse y darle cumplimiento a la Orden del tribunal. Expresaron que, de no comparecer el apelante, procederían a presentar su parte del Informe de Conferencia con Antelación al Juicio, con las enmiendas ordenadas por el foro apelado. Ante la situación, el Tribunal de Primera Instancia emitió una Orden de Mostrar Causa, el 10 de septiembre de 2005, notificada el 13 de septiembre de 2005.

El 20 de septiembre de 2005, se celebró una vista. El apelante no compareció. Los apelados le informaron, nuevamente, al tribunal *a quo* lo planteado en su escrito de 7 de septiembre de 2005. Ante lo informado por los apelados, el foro de instancia emitió una Orden de Mostrar Causa al apelante a fin de que justificara su incomparecencia a la vista y su incumplimiento de reunirse con los apelados.

En consecuencia, el apelante presentó escrito intitulado *"Moción Solicitando Excusas por Incomparecencia"*, ▉ en el cual planteó que:

" ...

*4. Debido a la Tormenta Jenne (sic) nuestra agenda fue extraviada. Al verificar los señalamientos para el 20 de septiembre de 2004, en el reporte de señalamientos de la División de Litigios Generales del Departamento de Justicia, no surge señalamiento alguno en el caso de referencia. (Véase anejo)*

*5. Debido a lo anterior, no comparecimos a dicho señalamiento.*

*6. Las partes coordinaron reunión entre abogados la cual no pudo ser celebrada.*

*7. Posterior a dicha situación junto con la de casos que atendemos, se nos hizo imposible coordinar el reseñalamiento de la reunión entre las partes. Durante ese período de tiempo, el abogado de la otra parte nos sometió unas fechas las cuales tuvimos que rechazar. A su vez, le sometimos otras fechas las que no aceptó finalizando en este punto las gestiones de ambas partes para reunirnos.*

*8. ...".*

Véase, págs. 32-33 del Apéndice.

El apelante solicitó sus excusas al tribunal y a los compañeros por cualquier inconveniente causado y se comprometió a reunirse lo antes posible con los apelados para la confección del Informe de Conferencia con Antelación al Juicio.

Cabe apuntar que acompañó el escrito con una copia del Reporte de Señalamientos del Departamento de Justicia.

Posteriormente, el 10 de junio del 2005, el apelante presentó escrito intitulado *"Moción Urgente Solicitando Relevo de la Anotación de Rebeldía y Reapertura de Juicio."* ▉ En la misma, alegó lo siguiente:

*"1. El día 2 de junio de 2005 a eso de las 9:00 de la mañana y mientras el suscribiente se encontraba asistiendo a una Vista sobre el Estado de los Procedimiento (sic) del caso Socorro Oquendo Llanos v. Departamento de Transportación y Obras Públicas, Civil Num. FDP-02-0346, que se ventila en la Sala (205) del Tribunal de Carolina, se me acerco (sic) el Lcdo. David Rodríguez Cotto, quien representaba a la parte demandante del mencionado caso para informarme que mientras se encontraba en la Sala (1004) del Tribunal de San Juan con la Hon. Juez Velma González Rivera, vio cuando la juez ordena que se viera un juicio en su fondo sin la intervención de la parte demandada.*

*2. Añade además el Lcdo. Rodríguez Cotto que durante la discusión del caso salió a relucir el nombre del suscribiente como uno de los abogados del Departamento de Justicia que había intervenido en el mismo, pero que no recuerda la fecha exacta del evento, aunque si recuerda que fue a mediado del mes de mayo. Recuerda también que el abogado que representaba a los demandantes lo fue el Lcdo. Fermín Arraiza de la Corporación Acción Civil y Educación.*

*3. Tal información resultaba extraña, ya que no tenía ningún caso pendiente relacionado con reclusos en la sala 1004 del Tribunal de San Juan. El tipo de caso con los que frecuentamos litigar con el Lcdo. Arraiza. Además nos parecía muy extraño por demás el señalamiento, ya que no aparecía en nuestro calendario señalamiento alguna (sic) pendiente en esa sala durante el mes de mayo.*

*4. Esa misma tarde nos comunicamos con el Lcdo. Fermín Arraiza de la Corporación de Acción Civil y Educación para corroborar la información recibida durante la mañana en el Tribunal de Carolina por parte del compañero Rodríguez Cotto.*

*5. Para nuestra sorpresa, la información recibida era. (sic) Para el 17 de mayo de 2005, se había celebrado el juicio en su fondo del caso Julio Juliá Padró vs. E.L.A., Civil Núm. DPE-1997-1218, y anotado la rebeldía contra el Estado Libre Asociado de P.R.*

*6. Tratamos infructuosamente de conseguir la minuta levantada durante el juicio, pero fue imposible debido a que había atrasos y un cúmulo indeterminado de minutas por transcribir o preparar según la información recibida de parte de las empleadas de la Secretaría de los casos de Bayamón en San Juan.*

*7. Se aclara que el abogado del Departamento de Justicia que estaba a cargo de este caso lo fue el Lcdo. Alberto Cruz Ruiz, quien solicitó traslado y le fue concedido a la Fiscalía de Mayagüez.*

*8. Por otro lado cabe señalar que la única participación del suscribiente en este caso fue radicar una moción asumiendo representación legal sin el conocimiento de que el caso tenía señalamiento pendiente para juicio el día 17 de mayo de 2005, razón por la cual no se desprende de nuestro calendario tal señalamiento. Tampoco fuimos advertidos, cual no se desprende de nuestro calendario tal señalamiento. (sic.) Tampoco fuimos advertidos por el Tribunal del señalamiento de juicio, por que la notificación donde aparece la orden aceptando nuestra representación legal nada indica sobre el señalamiento de juicio.*

*9. Nunca ha sido la intención del Estado Libre Asociado o de las agencias que representa el incumplir con las Reglas Procedimiento Civil (sic). Existen razones de justa causa que ameritan que la anotación de la rebeldía contra el Estado Libre Asociado de Puerto Rico y sus agencias se deje sin efecto.*

*10. Pedimos además al Tribunal que resuelva nuestra moción, ya que sin que se resuelva la misma el Estado Libre Asociado estaría indefenso ante las alegaciones del demandante y se estaría cometiendo una injusticia contra la parte que comparece."*

Véase, págs. 36-38 del Apéndice.

Debido a ello solicitó del tribunal apelado que dejase sin efecto la anotación de rebeldía y señalase nueva fecha para la reapertura del juicio.

Analizados los escritos de las partes, el 9 de agosto de 2005, notificada el 1 de septiembre de 2005, el Tribunal de Primera Instancia emitió Sentencia ▇ en contra del apelante. Determinó dicho foro que, ante el historial de incumplimientos y reiteradas incomparecencias, incluyendo los que dieron génesis al caso KLCE-2001-01472, y luego de revisar cuidadosamente los autos del caso y corroborar la falta de diligencia del apelante, le había anotado la rebeldía, eliminando sus alegaciones y celebró el juicio en su fondo. A tales efectos, condenó al apelante a satisfacer la suma de $150,000.00 a los apelados, más los gastos y costas del pleito.

Insatisfecho, el apelante presentó oportunamente su *"Moción Solicitando Reconsideración"*. El Tribunal de Primera Instancia no acogió el escrito.

Inconforme ante tal dictamen, el apelante acude ante nos. Contando con el beneficio del alegato de los apelados, procedemos a resolver.

## II

En su escrito, el apelante plantea que incidió el Tribunal de Primera Instancia al eliminar las alegaciones del Estado Libre Asociado de Puerto Rico y dictar sentencia en su contra sin la comparecencia de éste al juicio en su fondo.

## III

La Regla 37.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 37.3, le confiere discreción al Tribunal de Primera Instancia para eliminar las alegaciones de una parte, anotar la rebeldía o desestimar una demanda (entre otras) como sanción por incumplir sus órdenes o dejar de comparecer a una conferencia preliminar al juicio. Igual autorización le confiere la Regla 34.2 y la 34.4, ambas de Procedimiento Civil, *supra*, si una parte intencionalmente rehúsa cumplir con una orden del tribunal requiriéndole descubrir evidencia, ya sea compareciendo a la toma de una deposición, contestar unos interrogatorios formulados por la parte contraria o presentar documentación requerida, entre otros mecanismos de descubrimiento de prueba. *Hartman v. Trib. Superior*, 98 D.P.R. 124 (1969).

Además, bajo estas reglas un Tribunal de Primera Instancia puede sancionar (a un abogado y/o la parte) con sanciones tales como: monetarias, eliminación de alegaciones, desestimación de la demanda, anotación de rebeldía; entre otras posibles sanciones.

En cuanto al uso de dichas facultades en la aplicación de la sanción, por parte de los tribunales de primera instancia, el Tribunal Supremo ha establecido la siguiente norma:

*"(p)lanteada ante un tribunal una situación que, de acuerdo con la ley y la jurisprudencia aplicables, amerita la imposición de sanciones, éste debe, en primer término, imponer las mismas al abogado de la parte. Si dicha acción disciplinaria no produce frutos positivos, procederá la imposición de la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones, tan sólo después que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que puede tener el que la misma no sea corregida. La experiencia señala que en la gran mayoría de los casos que presentan esta clase de dificultades -el presente caso es un ejemplo de ello-, las partes no están enteradas de la actuación negligente de sus abogados y, al advenir en conocimiento de ello, la situación es corregida de inmediato. Una parte que haya sido informada y apercibida de esta clase de situación y no tome acción correctiva, nunca se podrá querellar, ante ningún foro, de que se le despojó injustificadamente de su causa de acción y/o defensas."*

*Maldonado v. Srio. de Rec. Naturales*, 113 D.P.R. 494, 498 (1982).

Subsiste, pues, en nuestro ordenamiento procesal civil la imposición de sanciones severas para aquellos casos extremos en que no exista duda alguna de la irresponsabilidad o contumacia de la parte contra la cual se toman las medidas drásticas, *Acevedo v. Compañía Telefónica de Puerto Rico*, 102 D.P.R. 787, 791 (1974), y donde ha quedado al descubierto el desinterés y abandono de la parte de su caso, *Arce v. Club Gallístico de San Juan*, 105 D.P.R. 305, 307 (1976). Véanse además: *Lluch v. España Service Sta.*, 117 D.P.R. 729 (1986); *Dávila v. Hosp. San Miguel, Inc.*, 117 D.P.R. 807, 814-819 (1986); *Echevarría Jiménez v. Sucn. Pérez Meri*, 123 D.P.R. 664, 673 (1989).

De igual manera, y en armonía con lo expresado, la tendencia jurisprudencial ha sido la de imponer sanciones económicas, en primera instancia, contra aquella parte que observa una conducta censurable bajo nuestro ordenamiento civil procesal. Esta suavización de la sanción así como el postergar la imposición de sanciones drásticas y severas como último recurso al cual se deba acudir, responde a la política judicial imperante, por un lado, de que éstos se resuelvan de forma justa, rápida y económica. Regla 1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III; *Dávila v. Hosp. San Miguel, Inc., supra*, a la pág. 818 y casos allí citados.

Por su parte, la Regla 45 de las Reglas de Procedimiento Civil, *supra*, regula lo respecto a la anotación de rebeldía a una parte. Dicha disposición reza:

*"(p)odrá dictarse sentencia en rebeldía en los siguientes casos:*

*...*

*(b) Por el tribunal. En todos los demás casos, la parte con derecho a una sentencia en rebeldía la solicitará del tribunal; pero no se dictará sentencia en rebeldía contra un menor o persona incapacitada a menos que estén representados por el padre, madre, tutor, defensor judicial u otro representante que haya comparecido en el pleito. Si para que el tribunal pueda dictar sentencia o para ejecutarla se hace necesario fijar el estimado de una cuenta o determinar el importe de los daños, o comprobar la veracidad de cualquier aseveración mediante prueba, o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas o encomendar la cuestión a un comisionado. Cuando la parte contra la cual se solicita sentencia en rebeldía haya comparecido en el pleito, dicha parte será notificada del señalamiento de cualquier vista en rebeldía que celebre."*

La rebeldía es la posición procesal en que se coloca la parte que ha dejado de cumplir con algún deber procesal o de ejercitar su derecho a defenderse. Rafael Hernández Colón, *Práctica Jurídica de Puerto Rico*, Derecho Procesal Civil, pág. 215, 2701, 1 era. (1997).

El efecto de una anotación de rebeldía es que se dan por admitidas todas las aseveraciones de las alegaciones afirmativas y el demandado, durante el juicio, no puede presentar evidencia a su favor, o en contra de las alegaciones del demandante. José A. Cuevas Segarra, *Práctica Procesal Puertorriqueña, Procedimiento Civil*, **Publicaciones JTS**, pág. 253 (1986).

La razón por la cual se creó la figura de la rebeldía fue para estimular a las partes en un pleito a tramitar el mismo de una manera diligente y no para conceder una ventaja a una parte sobre la otra. Por tal motivo, un tribunal, al momento de resolver una moción solicitando la anotación de rebeldía, debe de interpretar la Regla 45 de forma liberal, lo que significa que debe siempre resolver cualquier duda a favor de la parte que se opone a la concesión de la rebeldía. Esto es cónsono con la doctrina judicial de que se prefiere que los casos se vean en sus méritos. Como regla general, una buena defensa de la parte contra la cual se solicita la anotación de la rebeldía, será motivo suficiente para denegar una solicitud para ello, claro está, excepto cuando las circunstancias del caso muestren un ánimo contumaz o temerario por parte del querellado. *J.R.T. v. Missy Mfg. Corp.*, 99 D.P.R. 805, 811 (1971).

El propósito de las disposiciones relativas a la rebeldía no es conferir ventaja a los demandantes o querellantes, como tampoco les garantiza, *per se*, una sentencia favorable. La rebeldía lo que persigue es servir como disuasivo contra aquellas partes que recurren a la dilación como estrategia de litigación y se inspira en el interés que tiene nuestro ordenamiento de que los casos se resuelvan prontamente y se termine la incertidumbre que pueda existir sobre unos derechos en particular. La consecuencia jurídica de un caso en rebeldía es, como regla general, que se estimen aceptadas todas y cada una de las materias bien alegadas en la demanda. Esto es, que se consideren admitidos los hechos correctamente alegados. *Continental Ins. Co. v. Isleta Marina*, 106 D.P. R. 809 (1978).

Por otro lado, la Regla 45.3 autoriza a un tribunal a dejar sin efecto una anotación de rebeldía cuando existe justa causa para ello y bajo las condiciones que considere justas.

Sobre este aspecto, debemos tener presente también que en nuestro ordenamiento jurídico prevalece la política judicial de que los casos se ventilen en sus méritos. *Neptune Packing Corp. v. Wackenhut Corp.*, 120 D.

P.R. 283, 292 (1988); *Imp. Vilca, Inc. v. Hogares Crea, Inc.*, 118 D.P.R. 679 (1987); *Díaz v. Tribunal*, 93 D.P.R. 79 (1966). Por ello, estas normas procesales deben interpretarse liberalmente y cualquier duda debe resolverse a favor del que solicita que se deje sin efecto una anotación de rebeldía o una sentencia, a fin de que el proceso continúe y el caso pueda resolverse en sus méritos. *Id.*

En este análisis, sin embargo, debemos también tener presente que si bien nuestro ordenamiento jurídico favorece que los pleitos se resuelvan en los méritos, existe un interés legítimo de los litigantes y de la sociedad en general en que los casos se tramiten en un tiempo razonable y que su adjudicación sea final, el cual también tiene que tomarse en cuenta cuando se solicita la reapertura de una rebeldía. *Fine Art Wallpaper v. Wolff*, 102 D.P.R. 451 (1974); *Díaz v. Tribunal Superior, supra.* Por ello, la discreción conferida a los tribunales bajo las Reglas 45.3 y 49.2, les requiere establecer un balance justo entre el interés de velar y garantizar que los procedimientos judiciales se ventilen sin demora y el derecho que tiene todo litigante a tener su día en corte y a que sus alegaciones y reclamaciones sean adjudicadas en los méritos. *Fine Art Wallpaper v. Wolff, supra; Maldonado v. Srio. de Rec. Naturales, supra.*

Por ende, cuando en un caso existe la posibilidad de que la parte demandada cuente con una buena defensa y la reapertura del caso no ocasiona perjuicio alguno, constituye un claro abuso de discreción el denegarla. Una buena defensa, como regla general, debe siempre inclinar la balanza a favor de una vista en los méritos, a menos que las circunstancias del caso sean de tal naturaleza que revelen un ánimo contumaz o temerario por parte del demandado. *Román Cruz v. Díaz Rifas*, 113 D.P.R. 500 (1982); *J.R.T. v. Missy Mfg. Corp., supra*, a la pág. 811.

## IV

Examinada la normativa aplicable y los escritos y documentos que obran en el expediente, procede que la apliquemos a los hechos ante nos.

Comencemos con señalar que en el presente caso se pautó, primeramente, la celebración del juicio en su fondo para el 20 de septiembre de 2004. Mediante Minuta ■ de esa misma fecha, el tribunal expresó la incomparecencia del apelante. En la misma, se apuntó que el representante legal de los apelados *"(a)clara que presentó el Informe sobre Conferencia Preliminar entre Abogados sin la posición de la parte demandada (apelante). Informa que las partes pautaron reunirse para la confección del informe el día 24 de agosto de 2004 y la parte demandada no se presentó. El Licenciado Arraiza quiere dejar claro que ya anteriormente se le había anotado la rebeldía a la parte demandada (apelante) y la misma fue levantada mediante Sentencia emitida el 29 de mayo de 2002 por el Tribunal de Circuito de Apelaciones. Solicita el licenciado Arraiza en caso de que dicha parte no comparezca a la fecha de Juicio en su Fondo, se le aperciba de que se le anotaría la rebeldía."*

En dicha minuta, el tribunal *a quo* aprobó el Informe de Conferencia presentado y señaló Juicio en su Fondo para el 17 de mayo de 2005.

Como se desprende del escrito de apelación del apelante, la referida Minuta les fue notificada, ■ razón por la cual dieron cumplimiento a la Orden emitida en la misma de mostrar causa por su incomparecencia e incumplimiento a la Orden del tribunal de reunirse con los apelados para la confección del referido Informe.

Llegado el día señalado para el Juicio en su Fondo, el apelante no compareció. Durante el mismo, los apelados solicitaron se le anotara la rebeldía y se eliminaran las alegaciones del apelante. Este reclamo fue acogido por el tribunal de instancia, celebrándose el juicio sin la comparecencia del apelante.

Como establecimos anteriormente, la Regla 37.3 de las Procedimiento Civil, *supra*, le confiere discreción al Tribunal de Primera Instancia para eliminar las alegaciones de una parte, anotar la rebeldía o desestimar una demanda (entre otras) como sanción por incumplir sus órdenes o dejar de comparecer a una conferencia

preliminar al juicio.

Sin embargo, a pesar de ello, y de que el apelante no compareció en la fecha señalada al Juicio en su Fondo, somos de opinión que no procedía la aplicación de la drástica sanción de eliminarle sus alegaciones y anotarle la rebeldía al apelante. Lo anterior, luego de considerar cuidadosamente el trámite procesal del caso. Nos explicamos.

Conforme el ordenamiento jurídico, cuando una parte incumple con su deber de cumplir con las órdenes del tribunal y es meritoria la imposición de sanciones, la tendencia es, en primer término, imponer las mismas al abogado de la parte o a la parte misma. Como se desprende del expediente en el caso de autos, al apelante nunca se le impusieron sanciones debido a su incomparecencia, sino que en su lugar se le anotó la rebeldía y se le eliminaron las alegaciones. Por otro lado, el Tribunal de Primera Instancia tomó en consideración la conducta del apelante que dio génesis al recurso KLCE-2001-01472. Asimismo, los apelados, en su comparecencia a este Tribunal, descansan gran parte de su argumentación en que al apelante se le había dictado Sentencia en rebeldía anteriormente. Sin embargo, en el caso mencionado se determinó que el apelante no había sido contumaz, toda vez que no había sido notificado de numerosos trámites, por lo que no procedía la anotación de rebeldía y la eliminación de las alegaciones por alegado incumplimiento con las órdenes y señalamientos de vista.

Conforme reseñado, una imposición de esta naturaleza tan severa procede si la acción disciplinaria de imponer sanciones económicas al abogado no produce frutos positivos, y esto tan sólo después que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que puede tener el que la misma no sea corregida.

El apelante alega en su escrito de apelación que *"contrario a lo que sostiene el Tribunal de Primera Instancia en su Sentencia de 9 de agosto de 2005, el mismo nunca se le apercibió de que se le anotaría la rebeldía"*. En la Minuta de 20 de septiembre de 2004, surge que el tribunal *a quo* indicó que la representación legal de uno de los apelados había solicitado que, en caso de que el apelante no compareciera a la fecha del juicio en su fondo, se le apercibiera que se le anotaría la rebeldía. ▊ Lo único que se desprende del expediente, en una Minuta de 30 de septiembre de 2003, es una Orden *"so pena de imposición de sanciones"* emitida. Nada obra en el expediente a efectos de que se le hayan impuesto sanciones al apelante.

Observamos que, tal y como surge del expediente, el tribunal *a quo* nunca le impuso al apelante sanciones económicas, lo cual procedía en primera instancia ante su incomparecencia. Por el contrario, el tribunal procedió a anotar la rebeldía y eliminar sus alegaciones, sin antes apercibirle de la existencia de la posibilidad de que esto sucedería, de sus consecuencias y sin haberle impuesto en primera ocasión sanciones económicas. El efecto fue imponerle responsabilidad al apelante por la cantidad de $150,000. La repercusión de esta sanción es demasiado marcada y perjudicial que impide que validemos la actuación del Tribunal de Primera Instancia.

Por otro lado, nuestro ordenamiento procesal civil ha establecido, reiteradamente, la imposición de sanciones severas para aquellos casos extremos en que no exista duda alguna de la irresponsabilidad o contumacia de la parte contra la cual se toman las medidas drásticas y donde ha quedado al descubierto el desinterés y abandono de la parte de su caso. Aunque reconocemos que la actuación del apelante no ha sido una modelo, no podemos categorizarlo, en esta etapa, bajo la premisa de irresponsable o contumaz.

### V

Por los fundamentos antes esbozados, se revoca la Sentencia apelada. Se ordena la continuación de los procedimientos con lo aquí dispuesto.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones